# EXHIBIT A

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP, Ashley Onken, RN,<br><br><br>Defendants. | CASE NO. _____<br><br><br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT: Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center**

You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as the Defendant in this action.  A copy of the Petition is attached to this Original Notice.

The attorneys for the Plaintiffs are Erin E. Jordan and Katie M. Naset of Hope Law Firm & Associates, P.C., whose address is 5022 Grand Ridge Drive, West Des Moines, Iowa 50265, and telephone number (515) 255-3559.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and, within a reasonable time, thereafter, file your motion or answer with the Clerk of Court for Polk County at the courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

Further, this case has been filed in a county that uses electronic filing.  You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and reviewing documents in your case and for receiving service and notices from the Court.

- For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 pertaining to the use of the Electronic Document Management System, available on the Iowa Judicial Branch website.
- For court rules on the protection of personal privacy in court filings, refer to Division VI of the Iowa Court Rules Chapter 16.
- If you are unable to proceed electronically, you must receive permission from the Court to file in paper.  Contact the Clerk of Court in the county where the petition was filed for more information on being excused from electronic filing.

1

Removal App. No. 1

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515)286-3394.  (If you are hearing impaired, call Relay Iowa TTY at (800) 735-2942).

**<u>IMPORTANT</u>**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

**Removal App. No. 2**

E-FILED  2026 JAN 13 10:01 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

**Case No.** **LACL165164**
*County* **Polk**

*Case Title*    ESTATE OF STEPHEN LIKER ET AL VS CENTRAL IOW ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **01/13/2026 10:01:33 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk                    *County*
**/s/ Cole Heim**

**Removal App. No. 3**

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker<br><br>              Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP, Ashley Onken, RN,<br><br><br><br>              Defendants. | CASE NO. _____<br><br><br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT: Addie Hinson, ARNP**

You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as the Defendant in this action.  A copy of the Petition is attached to this Original Notice.

The attorneys for the Plaintiffs are Erin E. Jordan and Katie M. Naset of Hope Law Firm & Associates, P.C., whose address is 5022 Grand Ridge Drive, West Des Moines, Iowa 50265, and telephone number (515) 255-3559.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and, within a reasonable time, thereafter, file your motion or answer with the Clerk of Court for Polk County at the courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

Further, this case has been filed in a county that uses electronic filing.  You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and reviewing documents in your case and for receiving service and notices from the Court.

- For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 pertaining to the use of the Electronic Document Management System, available on the Iowa Judicial Branch website.
- For court rules on the protection of personal privacy in court filings, refer to Division VI of the Iowa Court Rules Chapter 16.
- If you are unable to proceed electronically, you must receive permission from the Court to file in paper.  Contact the Clerk of Court in the county where the petition was filed for more information on being excused from electronic filing.

**Removal App. No. 4**

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515)286-3394.  (If you are hearing impaired, call Relay Iowa TTY at (800) 735-2942).

**<u>IMPORTANT</u>**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

2

**Removal App. No. 5**

E-FILED  2026 JAN 13 10:01 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

Case No.     **LACL165164**
County       **Polk**

*Case Title*    ESTATE OF STEPHEN LIKER ET AL VS CENTRAL IOW ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/13/2026 10:01:33 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk        *County*
**/s/ Cole Heim**

**Removal App. No. 6**

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP, Ashley Onken, RN,<br><br><br>Defendants. | CASE NO. _____<br><br><br><br>**ORIGINAL NOTICE** |

**TO THE ABOVE-NAMED DEFENDANT: Ashley Onken, RN**

You are notified that a Petition has been filed in the office of the Clerk of this Court naming you as the Defendant in this action. A copy of the Petition is attached to this Original Notice.

The attorneys for the Plaintiffs are Erin E. Jordan and Katie M. Naset of Hope Law Firm & Associates, P.C., whose address is 5022 Grand Ridge Drive, West Des Moines, Iowa 50265, and telephone number (515) 255-3559.

You must serve a motion or answer within twenty (20) days after service of this Original Notice upon you and, within a reasonable time, thereafter, file your motion or answer with the Clerk of Court for Polk County at the courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

Further, this case has been filed in a county that uses electronic filing. You must register to eFile through the Iowa Judicial Branch website at https://www.iowacourts.state.ia.us/Efile and obtain a log in and password for filing and reviewing documents in your case and for receiving service and notices from the Court.

- For general rules and information on electronic filing, refer to the Iowa Court Rules Chapter 16 pertaining to the use of the Electronic Document Management System, available on the Iowa Judicial Branch website.
- For court rules on the protection of personal privacy in court filings, refer to Division VI of the Iowa Court Rules Chapter 16.
- If you are unable to proceed electronically, you must receive permission from the Court to file in paper. Contact the Clerk of Court in the county where the petition was filed for more information on being excused from electronic filing.

Removal App. No. 7

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515)286-3394.  (If you are hearing impaired, call Relay Iowa TTY at (800) 735-2942).

## IMPORTANT
### YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

Removal App. No. 8

E-FILED  2026 JAN 13 10:01 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **LACL165164** |
| *County* | **Polk** |

*Case Title*   ESTATE OF STEPHEN LIKER ET AL VS CENTRAL IOW ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 561-5818** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/13/2026 10:01:33 AM**



*District Clerk of Court or/by Clerk's Designee of* Polk            *County*
**/s/ Cole Heim**

Removal App. No. 9

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP, Ashley Onken, RN,<br><br><br>Defendants. | CASE NO. _____<br><br><br><br>**PETITION AT LAW AND JURY DEMAND** |

COME NOW PLAINTIFFS, Barbara Liker as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker, individually and as Successors in Interest of Decedent Stephen Liker and hereby state and allege as follows:

## PARTIES, JURISDICTION, and VENUE

1. Plaintiff Barbara Liker, as Executor of the Estate of Stephen Liker, individually, and as Successor in Interest of Decedent Stephen Liker, is a resident of Ankeny, Polk County, Iowa.  She was a resident of Ankeny, Polk County, Iowa at the time of all events described herein.

2. Plaintiff Barbara Liker was appointed as the Executor of the Estate of Stephen Liker on December 26, 2025.

3. Plaintiff Nicholas Liker is a resident of Urbandale, Polk County, Iowa.  He was a resident of Urbandale, Polk County, Iowa at the time of all events described herein.

1

Removal App. No. 10

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

4. Plaintiff Mark Liker is a resident of the State of Illinois and was a resident of Illinois at the time of all events described herein.

5. At all times relevant to the claims made in this Petition against it, Central Iowa Hospital Corporation was an Iowa corporation with a principal place of business in Des Moines, Polk County, Iowa. The registered agent for the corporation is Jonathan Rozenfeld, 1200 Pleasant Street, Des Moines, Iowa 50309.

6. At all times relevant to the claims made against her in this Petition, Defendant Addie Hinson ARNP, was a nurse practitioner licensed in the State of Iowa and practicing medicine in Polk County, Iowa, holding herself out as a specialist in emergency medicine.

7. At all times relevant to the claims made against her in this Petition, Defendant Ashley Onken, RN, was a registered nurse licensed in the State of Iowa and practicing nursing in Polk County, Iowa, holding herself out as a specialist in nursing.

8. At all times relevant to the claims made in this Petition against Defendants, a healthcare provider – patient relationship existed between Stephen Liker and Defendants.

9. Defendant Central Iowa Hospital Corporation is liable for the actions and inactions of its agents and/or employees whether physicians, residents, nurses and/or other healthcare providers, including but not limited to Defendants Addie Hinson, ARNP and Ashley Onken, RN, due to their actual employment, respondeat superior, apparent agency, and/or other applicable theories of vicarious liability.

10. Defendants and/or their agents or employees, including but not limited to Defendants Addie Hinson, ARNP and Ashley Onken, RN, were responsible for providing medical and nursing care and treatment to Stephen Liker at all times relevant to the claims made in this Petition.

Removal App. No. 11

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

11. All Defendants held themselves out to the general public and Stephen Liker as qualified and competent healthcare providers that would provide healthcare services in accordance with the standard of care.

12. At the time of the events described herein, the doctors, physicians' assistants, nurses, nursing aides, pharmacists, technicians, assistants, agents, apparent agents, servants, employees, and other health care professionals engaged to provide professional medical care and services to Stephen Liker were acting within the scope of their agency and/or employment by Defendants.

13. At all relevant times, each and every Defendant acted as the actual, apparent, and/or ostensible agents, servants and/or employees of the other Defendants and within the scope of their agency and/or employment.

14. The damages resulting from the injuries alleged herein exceed the jurisdictional amount for small claims court.

15. The subject medical care occurred in Polk County, Iowa, making venue in Polk County appropriate.

**FACTS COMMON TO ALL CLAIMS**

16. Plaintiffs re-plead the allegations contained in paragraphs 1-15 as if set forth fully herein.

17. On January 8, 2024, at approximately 11:05 AM, EMS was contacted with respect to Stephen Liker due to weakness.  Though Stephen had been ill for several weeks, Stephen had acute onset of symptoms where he was unable to lift himself up at approximately 11:00 AM.  At the time of EMS transport, Stephen was speaking with EMTs, had a GCS of 15, and eventually was able to walk out to the EMS cot without difficulty.

3

Removal App. No. 12

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

18. Documentation by the ambulance service reflects that Stephen was experiencing elevated blood pressure.  During transport to Iowa Methodist Medical Center ("IMMC"), Stephen had blood pressure readings of: 176/72, 167/86, 203/148, 185/149 and 169/64.

19. Stephen had a prior history of stroke but did not have residual physical or neurological deficits associated with the prior stroke.

20. Stephen arrived in the IMMC emergency department at approximately 11:57 AM, where his arrival complaint was listed as syncope, which can be caused by lack of blood flow in the brain.

21. At 12:17 PM, Stephen began triage with Ashley Onken, RN.  Nurse Onken did not perform an NIH stroke screen, nor did she perform even a focused neurological examination on Stephen.

22. During triage, Stephen continued to experience elevated blood pressure, which was specifically flagged as elevated in the EPIC EHR.  Stephen also had elevated mean arterial pressure during triage.

23. Nurse Onken inappropriately triaged Stephen Liker at an acuity level of 3, and triage was completed at approximately 12:21 PM on January 8, 2024.

24. Nurse Onken did not call a stroke code for Stephen Liker at the time of triage.

25. At 12:23 PM, Addie Hinson, ARNP placed orders for Stephen Liker to draw labs, but did not examine Stephen Liker at any time in the IMMC emergency department.

26. A floor nurse was not assigned to Mr. Liker at this time and would not be until many hours later.

27. No other provider would examine Stephen for approximately seven hours while he decompensated in the emergency department due to acute stroke.

4

Removal App. No. 13

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

28. While waiting in the IMMC emergency department, Stephen was increasingly losing feeling on his left side, which was reported to IMMC staff on multiple occasions.

29. IMMC staff failed to take Stephen's vital signs every two hours in accordance with IMMC policies and procedures for the emergency department.

30. Following triage, staff did not take Stephen's vitals until almost 4 hours later, at 4:03 PM. At 4:03 PM, Stephen continued to experience elevated blood pressure and elevated mean arterial pressure at 4:03 PM.

31. Another set of vitals were taken in the emergency department waiting area at approximately 6:25 PM.  At 6:25 PM, Stephen's blood pressure was 180/106, and his mean arterial pressure was 133.

32. An ER nurse performed the first neurological examination of Stephen at 6:54 PM, nearly 7 hours following Stephen's arrival by EMS to IMMC.  Stephen's neurological examination is abnormal, and it is documented that Stephen is experiencing stroke like symptoms, specifically left sided weakness, and slurred speech.

33. Stephen also has a documented elevated blood pressure of 182/98 at 7:00 PM.

34. At approximately 7:06 PM, a new mid-level provider, Jennifer Jones ARNP was assigned as Stephen Liker's provider.  Documentation reflects that she was at the bedside to examine Stephen Liker at 7:11 PM.

35. Despite experiencing signs and symptoms of a stroke for multiple hours in the IMMC emergency department waiting room, the first NIH stroke scale was administered to Stephen at 7:40 PM.

Removal App. No. 14

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

36. At approximately 7:40 PM, ARNP Jennifer Jones performs the NIH Stroke Scale for Stephen, which generated a NIHSS of 6, indicating probable moderate stroke.

37. ARNP Jones ordered imaging, including a CT without contract and a CTA of the head and neck, nearly 8 hours after Stephen Liker presented to IMMC for treatment.

38. An MRI performed on January 9, 2024 also demonstrated acute/subacute infarct, corroborating that Stephen Liker had sustained an acute stroke on or about January 8, 2024.

39. Several IMMC providers documented in medical charting that Stephen had a last known well time of 11:00 AM on January 8, 2024 when he began experiencing acute left side weakness, but that he was out of the window for thrombolytics by the time he was seen by providers at IMMC.

40. Stephen did not receive a medical screening examination from a physician nor from a qualified medical person without unnecessary delay to determine if he had an emergency medical condition.

41. Stephen succumbed to his injuries and died at Iowa Methodist Medical Center on January 17, 2024.

42. On February 28, 2017, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC's facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.  The EMTALA violations in this situation were so significant that the CMS Kansas City regional office notified the Chief Medical Officer that an immediate jeopardy situation existed.

43. On September 6, 2022, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

Removal App. No. 15

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

44. In August of 2023, a 45-year-old patient named Amanda Kuhlman was allowed to decompensate in the IMMC emergency department waiting room, while suffering from a pulmonary embolism that precipitated her cardiovascular collapse. She was not examined by a medical provider for nearly 10 hours, and only after she went into cardiac arrest in the IMMC emergency department waiting area. Ms. Kuhlman also succumbed to her injuries and died at IMMC.

45. On November 29, 2023, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

46. On June 5, 2024, CIHC received several citations as a result of yet another EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20. Iowa Methodist Medical Center was cited for EMTALA violations involving the failure to care for Stephen Liker, as described herein.

47. CIHC has engaged in a persistent pattern of conduct of failing to provide emergency medical care within the standard of care due to extensive delays for emergency medical care, poor staffing practices, and inappropriate triage of seriously ill patients in its Des Moines area emergency departments, and more specifically, in the IMMC emergency department.

48. For years, CIHC has been on notice of their deficient and unsafe staffing practices, with CIHC nurses complaining about said practices, while CIHC refuses to increase staffing to provide care to patients within the standard of care.

Removal App. No. 16

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

49. CIHC has also been on notice of their deficient and unsafe staffing practices, extensive delays in its emergency departments and inappropriate triage of seriously ill patients due to the numerous CMS and Iowa DIAL EMTALA citations it has received dating back to at least 2017.

50. Stephen Liker sustained injury and died due to Defendants' failure to treat him within the standard of care.

51. Stephen Liker sustained injury and died due to Defendants' failure to follow their own policies and procedures governing the Iowa Methodist Medical Center emergency department.

52. All Plaintiffs sustained injuries as a result of the death of Stephen Liker as a result of Defendants' tortious conduct.

## COUNT I
## MEDICAL MALPRACTICE AND WRONGFUL DEATH AGAINST ADDIE HINSON, ARNP.

53. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 52 as if set forth fully herein.

54. Defendant Addie Hinson ARNP was assigned as Stephen Liker's provider in the IMMC emergency department and was charged with providing medical care and treatment of Stephen Liker on January 8, 2024.

55. Defendant Addie Hinson ARNP owed a duty to Stephen Liker to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Stephen Liker.

56. Defendant Addie Hinson, ARNP breached her duty to Stephen Liker by falling below the standard of care in her care and treatment of him when she failed to exercise the degree of

8

Removal App. No. 17

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances.

57. Defendant Addie Hinson, ARNP fell below the standard of care and was negligent and/or grossly negligent in her care and treatment of Stephen Liker in the following ways:

   a. ARNP Hinson failed to timely examine Stephen in light of his abnormal vital signs and presenting complaints in triage.

   b. ARNP Hinson failed to timely examine Stephen Liker in light of his concerning signs and symptoms identified in triage including new onset inability to get himself up, confusion, elevated blood pressure, elevated mean arterial pressure, and weakness.

   c. ARNP Hinson failed to order timely medical imaging for a patient with abnormal vital signs, and concerning symptoms identified by the triage RN.

   d. ARNP Hinson failed to urgently diagnose and treat Stephen Liker for stroke.

   e. ARNP Hinson failed to perform an NIH stroke screen or a neurological examination for Stephen Liker.

   f. ARNP Hinson failed to call a stroke code for Stephen Liker.

   g. ARNP Hinson failed to provide Stephen Liker with a medical screening examination without unnecessary delay.

   h. ARNP Hinson failed to provide stabilizing treatment to Stephen Liker for his emergency medical condition without unnecessary delay.

   i. ARNP Hinson otherwise failed to exercise the ordinary care and skill in keeping with her profession, and in the areas of the profession in which she specialized, and

Removal App. No. 18

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

in the manner in which she diagnosed, cared for, treated, and otherwise rendered care to Stephen Liker.

58. As a direct and proximate result of the negligence and/or gross negligence of Defendant Addie Hinson, ARNP, Stephen Liker was injured and died.

59. As a direct and proximate result of the negligence and/or gross negligence, recklessness, of Defendant ARNP Hinson, Plaintiffs incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker, loss of consortium for Barbara Liker, Mark Liker and Nicholas Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

60. ARNP Hinson's conduct amounted to willful and wanton disregard for Stephen Liker and the public's rights and safety.  ARNP Hinson's conduct carried a known and obvious risk that was so great as to make it highly probable that harm would follow by disregarding clear and obvious signs that Stephen was suffering from a life-threatening medical condition.

61. As a direct and proximate result of the actions of Defendant Addie Hinson ARNP, Plaintiffs are entitled to an award of punitive damages.

## COUNT II
## MEDICAL MALPRACTICE AND WRONGFUL DEATH AGAINST NURSE ASHLEY ONKEN, RN

62. Plaintiffs re-plead the allegations set forth in paragraphs 1-61 as if set forth fully herein.

63. As his triage nurse, Defendant Ashley Onken, RN undertook the nursing care and treatment of Stephen Liker at all times relevant herein.

10

Removal App. No. 19

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

64. Defendant Nurse Onken owed duties to Stephen Liker to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Stephen Liker.

65. Defendant Nurse Onken breached her duties to Stephen Liker by falling below the standard of care in her care and treatment of him when they failed to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances.

66. Nurse Onken fell below the standard of care and was negligent and grossly negligent in her care and treatment of Stephen Liker in the following ways:

   a. Nurses Onken failed to properly care for Mr. Liker and to abide by the standard of care.

   b. Nurse Onken improperly triaged Mr. Liker given his new onset symptoms of left sided weakness, inability to get himself up, syncope, and abnormal vital signs.

   c. Nurse Onken assigned an inappropriate triage level of 3 when Mr. Liker's presenting symptoms and vitals warranted a 2, at minimum.

   d. Nurse Onken failed to ensure a provider timely assessed Mr. Liker following triage.

   e. Nurse Onken failed to ensure that IMMC staff took Mr. Liker's vital signs within the standard of care and in compliance with IMMC policy.

   f. Nurse Onken failed to take Mr. Liker's vitals and reassess Mr. Liker at regular intervals.

   g. Nurse Onken failed to advocate for Mr. Liker by invoking the chain of command in light of provider failure to examine Mr. Liker for seven hours.

11

Removal App. No. 20

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

h.  Nurse Onken failed to assign Mr. Liker to a room where he could be more closely monitored for changes in condition.

i.  Nurse Onken otherwise failed to exercise the ordinary care and skill in keeping with their professional, and in the areas of the profession in which they specialized, and in the manner in which they cared for, treated, and otherwise rendered care to Stephen Liker.

67. As a direct and proximate result of the negligence of Defendant Nurse Onken, Stephen Liker died.

68. As a direct and proximate result of the negligence and gross negligence of Defendant Nurse Onken, Stephen Liker and his estate incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the Estate of Stephen Liker, loss of support and consortium for Barbara Liker, Mark Liker, and Nicholas Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

69. Nurse Onken's conduct amounted to willful and wanton disregard for Stephen Liker and the public's rights and safety.  Her conduct carried a known and obvious risk that was so great as to make it highly probable that harm would follow by disregarding clear and obvious signs that Stephen was suffering from a life-threatening medical condition.

70. As a direct and proximate result of the actions of Defendants, Plaintiffs are entitled to an award of punitive damages.

## COUNT III
## MEDICAL MALPRACTICE AND WRONGFUL DEATH VICARIOUS LIABILITY
## AGAINST DEFENDANT CENTRAL IOWA HOSPITAL CORPORATION.

12

Removal App. No. 21

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

71. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 70 as if set forth fully herein.

72. Defendant Central Iowa Hospital Corporation, by and through its nurses, physicians, other healthcare providers and/or its actual, ostensible and/or apparent agents, servants and/or employees, including, but not limited to, Defendants Hinson and Onken, undertook the nursing and medical care and treatment of Stephen Liker at all times relevant to the claims made against Defendants herein.

73. Defendant Central Iowa Hospital Corporation either employed Defendants Hinson and Onken and or had an agency relationship with them, at the time of their care and treatment of Stephen Liker.

74. Defendant Central Iowa Hospital Corporation had a non-delegable duty to provide emergency medical care to Stephen Liker.  It breached this duty through the actions of its agents and employees, including the Defendants herein.  Stephen Liker was injured and died as a result.

75. Defendants Hinson and Onken breached the standard of care in their care and treatment of Stephen Liker, as described in this Petition.

76. Defendant Central Iowa Hospital Corporation is therefore vicariously liable for Defendants' Hinson and Onken's negligence and gross negligence.

77. As a direct and proximate result of the negligence and/or gross negligence of Defendants Hinson and Onken, for which Central Iowa Hospital Corporation. is vicariously liable, Stephen Liker was injured and died.

78. As a direct and proximate result of the negligence and/or gross negligence, recklessness, of Defendants Plaintiffs incurred all damages allowable under Iowa law for wrongful death,

Removal App. No. 22

including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker,  loss of consortium for Barbara Liker, Nicholas Liker and Mark Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

79. Defendant Central Iowa Hospital Corporation authorized the manner and doing of the negligent acts of Defendants Onken and Hinson.  Thus, punitive damages against this entity are appropriate.

80. Defendant Central Iowa Hospital Corporation and/or its managerial agent ratified and approved the negligence, gross negligence and recklessness alleged throughout this petition.  Thus, punitive damages against this entity are appropriate.

81. As a direct and proximate result of the actions of Defendants, Plaintiffs are entitled to an award of punitive damages.

**COUNT IV**

**LOSS OF CHANCE OF SURVIVAL**

**AGAINST DEFENDANTS CENTRAL IOWA HOSPITAL CORPORATION d/b/a IOWA METHODIST MEDICAL CENTER, ADDIE HINSON ARNP and ASHLEY ONKEN RN**

**(Plead in the alternative to Wrongful Death)**

82. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 81 as if set forth fully herein.

83. Defendants Central Iowa Hospital Corporation, Addie Hinson ARNP and Ashley Onken RN, failed to provide medical and nursing care and treatment in accordance with the standard of care as detailed throughout this Petition and incorporated herein by reference.

84. Defendants' failure to abide by the standard of care, in failing to timely diagnose and treat Stephen Liker for acute stroke, deprived Stephen of the chance of survival.

14

Removal App. No. 23

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

85. As a direct and proximate result of the negligence and/or gross negligence, and recklessness, of Defendants, Plaintiffs incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker, loss of consortium for Barbara Liker, Nicholas Liker and Mark Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

86. The Plaintiffs are entitled to damages in a proportionate amount of those claimed for Stephen Liker's death commensurate with the loss of chance of survival caused by these Defendants including all wrongful death damages provided for by statute.

87. This claim is pled in the alternative to Plaintiffs' wrongful death claim.

## COUNT V
## CORPORATE NEGLIGENCE – CENTRAL IOWA HOSPITAL CORPORATION

88. Plaintiffs re-plead the allegations set forth in paragraphs 1-87 as if set forth fully herein.

89. Central Iowa Hospital Corporation had a non-delegable duty to patients, including Stephen Liker, to select and retain only competent physicians, medical providers, and nurses.

90. Central Iowa Hospital Corporation had a non-delegable duty to patients, including Stephen Liker, to oversee all persons who practice medicine and nursing at Iowa Methodist Medical Center.

91. Central Iowa Hospital Corporation has a non-delegable duty to patients, including Stehen Liker, to formulate, adopt, and enforce adequate and appropriate rules, policies and procedures to ensure quality care for patients.

Removal App. No. 24

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

92. Central Iowa Hospital Corporation has non-delegable duty to patients, including Stephen Liker, to provide sufficient staff to provide care for individuals presenting to its emergency departments.

93. Central Iowa Hospital Corporation failed to select and retain competent physicians, medical providers, and nurses to provide care for Stephen Liker on or about January 8, 2024.

94. Central Iowa Hospital Corporation failed to oversee personnel practicing medicine and practicing nursing at Iowa Methodist Medical Center regarding care provided to Stephen Liker on or about January 8, 2024.

95. Central Iowa Hospital Corporation has failed to formulate, adopt and enforce rules, policies and procedures to ensure care in its emergency department operates within the standard of care for treating patients who present to the Iowa Methodist Medical Center emergency department, including Stephen Liker.

96. As a direct and proximate result of the corporate negligence of Central Iowa Hospital Corporation, Stephen Liker decompensated and was deprived of timely medical treatment for acute stroke and died. Plaintiffs incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker, loss of support and consortium for Barbara Liker, Mark Liker, and Nicholas Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

97. As a direct and proximate result of the actions of Defendants, Plaintiffs are entitled to an award of punitive damages.

16

Removal App. No. 25

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

**WHEREFORE**, Plaintiffs Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker, seek damages and judgment against Defendants, jointly and severally, to fully and fairly compensate them for the injuries and damages they sustained as a result of Defendants' negligence and gross negligence, as provided by law, the damages outlined in each claim above, punitive damages, interest and costs as provided by law, and for such other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiffs Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker hereby demand a jury trial on all issues in this Petition triable under Iowa Law.

Respectfully submitted,

*/s/ Erin E. Jordan*
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
HOPE LAW FIRM & ASSOCIATES, PC
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone:  (515)255-3559
Erin.jordan@hopelawfirm.com
katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

17

Removal App. No. 26

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP, Ashley Onken, RN,<br><br><br>Defendants. | CASE NO. _____<br><br><br><br>**PETITION AT LAW AND JURY DEMAND** |

COME NOW PLAINTIFFS, Barbara Liker as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker, individually and as Successors in Interest of Decedent Stephen Liker and hereby state and allege as follows:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff Barbara Liker, as Executor of the Estate of Stephen Liker, individually, and as Successor in Interest of Decedent Stephen Liker, is a resident of Ankeny, Polk County, Iowa.  She was a resident of Ankeny, Polk County, Iowa at the time of all events described herein.

2. Plaintiff Barbara Liker was appointed as the Executor of the Estate of Stephen Liker on December 26, 2025.

3. Plaintiff Nicholas Liker is a resident of Urbandale, Polk County, Iowa.  He was a resident of Urbandale, Polk County, Iowa at the time of all events described herein.

1

Removal App. No. 27

4. Plaintiff Mark Liker is a resident of the State of Illinois and was a resident of Illinois at the time of all events described herein.

5. At all times relevant to the claims made in this Petition against it, Central Iowa Hospital Corporation was an Iowa corporation with a principal place of business in Des Moines, Polk County, Iowa. The registered agent for the corporation is Jonathan Rozenfeld, 1200 Pleasant Street, Des Moines, Iowa 50309.

6. At all times relevant to the claims made against her in this Petition, Defendant Addie Hinson ARNP, was a nurse practitioner licensed in the State of Iowa and practicing medicine in Polk County, Iowa, holding herself out as a specialist in emergency medicine.

7. At all times relevant to the claims made against her in this Petition, Defendant Ashley Onken, RN, was a registered nurse licensed in the State of Iowa and practicing nursing in Polk County, Iowa, holding herself out as a specialist in nursing.

8. At all times relevant to the claims made in this Petition against Defendants, a healthcare provider – patient relationship existed between Stephen Liker and Defendants.

9. Defendant Central Iowa Hospital Corporation is liable for the actions and inactions of its agents and/or employees whether physicians, residents, nurses and/or other healthcare providers, including but not limited to Defendants Addie Hinson, ARNP and Ashley Onken, RN, due to their actual employment, respondeat superior, apparent agency, and/or other applicable theories of vicarious liability.

10. Defendants and/or their agents or employees, including but not limited to Defendants Addie Hinson, ARNP and Ashley Onken, RN, were responsible for providing medical and nursing care and treatment to Stephen Liker at all times relevant to the claims made in this Petition.

Removal App. No. 28

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

11. All Defendants held themselves out to the general public and Stephen Liker as qualified and competent healthcare providers that would provide healthcare services in accordance with the standard of care.

12. At the time of the events described herein, the doctors, physicians' assistants, nurses, nursing aides, pharmacists, technicians, assistants, agents, apparent agents, servants, employees, and other health care professionals engaged to provide professional medical care and services to Stephen Liker were acting within the scope of their agency and/or employment by Defendants.

13. At all relevant times, each and every Defendant acted as the actual, apparent, and/or ostensible agents, servants and/or employees of the other Defendants and within the scope of their agency and/or employment.

14. The damages resulting from the injuries alleged herein exceed the jurisdictional amount for small claims court.

15. The subject medical care occurred in Polk County, Iowa, making venue in Polk County appropriate.

## FACTS COMMON TO ALL CLAIMS

16. Plaintiffs re-plead the allegations contained in paragraphs 1-15 as if set forth fully herein.

17. On January 8, 2024, at approximately 11:05 AM, EMS was contacted with respect to Stephen Liker due to weakness.  Though Stephen had been ill for several weeks, Stephen had acute onset of symptoms where he was unable to lift himself up at approximately 11:00 AM.  At the time of EMS transport, Stephen was speaking with EMTs, had a GCS of 15, and eventually was able to walk out to the EMS cot without difficulty.

3

Removal App. No. 29

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

18. Documentation by the ambulance service reflects that Stephen was experiencing elevated blood pressure.  During transport to Iowa Methodist Medical Center ("IMMC"), Stephen had blood pressure readings of: 176/72, 167/86, 203/148, 185/149 and 169/64.

19. Stephen had a prior history of stroke but did not have residual physical or neurological deficits associated with the prior stroke.

20. Stephen arrived in the IMMC emergency department at approximately 11:57 AM, where his arrival complaint was listed as syncope, which can be caused by lack of blood flow in the brain.

21. At 12:17 PM, Stephen began triage with Ashley Onken, RN.  Nurse Onken did not perform an NIH stroke screen, nor did she perform even a focused neurological examination on Stephen.

22. During triage, Stephen continued to experience elevated blood pressure, which was specifically flagged as elevated in the EPIC EHR.  Stephen also had elevated mean arterial pressure during triage.

23. Nurse Onken inappropriately triaged Stephen Liker at an acuity level of 3, and triage was completed at approximately 12:21 PM on January 8, 2024.

24. Nurse Onken did not call a stroke code for Stephen Liker at the time of triage.

25. At 12:23 PM, Addie Hinson, ARNP placed orders for Stephen Liker to draw labs, but did not examine Stephen Liker at any time in the IMMC emergency department.

26. A floor nurse was not assigned to Mr. Liker at this time and would not be until many hours later.

27. No other provider would examine Stephen for approximately seven hours while he decompensated in the emergency department due to acute stroke.

4

Removal App. No. 30

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

28. While waiting in the IMMC emergency department, Stephen was increasingly losing feeling on his left side, which was reported to IMMC staff on multiple occasions.

29. IMMC staff failed to take Stephen's vital signs every two hours in accordance with IMMC policies and procedures for the emergency department.

30. Following triage, staff did not take Stephen's vitals until almost 4 hours later, at 4:03 PM. At 4:03 PM, Stephen continued to experience elevated blood pressure and elevated mean arterial pressure at 4:03 PM.

31. Another set of vitals were taken in the emergency department waiting area at approximately 6:25 PM.  At 6:25 PM, Stephen's blood pressure was 180/106, and his mean arterial pressure was 133.

32. An ER nurse performed the first neurological examination of Stephen at 6:54 PM, nearly 7 hours following Stephen's arrival by EMS to IMMC.  Stephen's neurological examination is abnormal, and it is documented that Stephen is experiencing stroke like symptoms, specifically left sided weakness, and slurred speech.

33. Stephen also has a documented elevated blood pressure of 182/98 at 7:00 PM.

34. At approximately 7:06 PM, a new mid-level provider, Jennifer Jones ARNP was assigned as Stephen Liker's provider.  Documentation reflects that she was at the bedside to examine Stephen Liker at 7:11 PM.

35. Despite experiencing signs and symptoms of a stroke for multiple hours in the IMMC emergency department waiting room, the first NIH stroke scale was administered to Stephen at 7:40 PM.

Removal App. No. 31

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

36. At approximately 7:40 PM, ARNP Jennifer Jones performs the NIH Stroke Scale for Stephen, which generated a NIHSS of 6, indicating probable moderate stroke.

37. ARNP Jones ordered imaging, including a CT without contract and a CTA of the head and neck, nearly 8 hours after Stephen Liker presented to IMMC for treatment.

38. An MRI performed on January 9, 2024 also demonstrated acute/subacute infarct, corroborating that Stephen Liker had sustained an acute stroke on or about January 8, 2024.

39. Several IMMC providers documented in medical charting that Stephen had a last known well time of 11:00 AM on January 8, 2024 when he began experiencing acute left side weakness, but that he was out of the window for thrombolytics by the time he was seen by providers at IMMC.

40. Stephen did not receive a medical screening examination from a physician nor from a qualified medical person without unnecessary delay to determine if he had an emergency medical condition.

41. Stephen succumbed to his injuries and died at Iowa Methodist Medical Center on January 17, 2024.

42. On February 28, 2017, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC's facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.  The EMTALA violations in this situation were so significant that the CMS Kansas City regional office notified the Chief Medical Officer that an immediate jeopardy situation existed.

43. On September 6, 2022, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

6

Removal App. No. 32

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

44. In August of 2023, a 45-year-old patient named Amanda Kuhlman was allowed to decompensate in the IMMC emergency department waiting room, while suffering from a pulmonary embolism that precipitated her cardiovascular collapse.  She was not examined by a medical provider for nearly 10 hours, and only after she went into cardiac arrest in the IMMC emergency department waiting area.   Ms. Kuhlman also succumbed to her injuries and died at IMMC.

45. On November 29, 2023, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

46. On June 5, 2024, CIHC received several citations as a result of yet another EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.  Iowa Methodist Medical Center was cited for EMTALA violations involving the failure to care for Stephen Liker, as described herein.

47. CIHC has engaged in a persistent pattern of conduct of failing to provide emergency medical care within the standard of care due to extensive delays for emergency medical care, poor staffing practices, and inappropriate triage of seriously ill patients in its Des Moines area emergency departments, and more specifically, in the IMMC emergency department.

48. For years, CIHC has been on notice of their deficient and unsafe staffing practices, with CIHC nurses complaining about said practices, while CIHC refuses to increase staffing to provide care to patients within the standard of care.

7

Removal App. No. 33

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

49. CIHC has also been on notice of their deficient and unsafe staffing practices, extensive delays in its emergency departments and inappropriate triage of seriously ill patients due to the numerous CMS and Iowa DIAL EMTALA citations it has received dating back to at least 2017.

50. Stephen Liker sustained injury and died due to Defendants' failure to treat him within the standard of care.

51. Stephen Liker sustained injury and died due to Defendants' failure to follow their own policies and procedures governing the Iowa Methodist Medical Center emergency department.

52. All Plaintiffs sustained injuries as a result of the death of Stephen Liker as a result of Defendants' tortious conduct.

## COUNT I
## MEDICAL MALPRACTICE AND WRONGFUL DEATH AGAINST ADDIE HINSON, ARNP.

53. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 52 as if set forth fully herein.

54. Defendant Addie Hinson ARNP was assigned as Stephen Liker's provider in the IMMC emergency department and was charged with providing medical care and treatment of Stephen Liker on January 8, 2024.

55. Defendant Addie Hinson ARNP owed a duty to Stephen Liker to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Stephen Liker.

56. Defendant Addie Hinson, ARNP breached her duty to Stephen Liker by falling below the standard of care in her care and treatment of him when she failed to exercise the degree of

8

Removal App. No. 34

reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances.

57. Defendant Addie Hinson, ARNP fell below the standard of care and was negligent and/or grossly negligent in her care and treatment of Stephen Liker in the following ways:

   a. ARNP Hinson failed to timely examine Stephen in light of his abnormal vital signs and presenting complaints in triage.

   b. ARNP Hinson failed to timely examine Stephen Liker in light of his concerning signs and symptoms identified in triage including new onset inability to get himself up, confusion, elevated blood pressure, elevated mean arterial pressure, and weakness.

   c. ARNP Hinson failed to order timely medical imaging for a patient with abnormal vital signs, and concerning symptoms identified by the triage RN.

   d. ARNP Hinson failed to urgently diagnose and treat Stephen Liker for stroke.

   e. ARNP Hinson failed to perform an NIH stroke screen or a neurological examination for Stephen Liker.

   f. ARNP Hinson failed to call a stroke code for Stephen Liker.

   g. ARNP Hinson failed to provide Stephen Liker with a medical screening examination without unnecessary delay.

   h. ARNP Hinson failed to provide stabilizing treatment to Stephen Liker for his emergency medical condition without unnecessary delay.

   i. ARNP Hinson otherwise failed to exercise the ordinary care and skill in keeping with her profession, and in the areas of the profession in which she specialized, and

9

Removal App. No. 35

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

in the manner in which she diagnosed, cared for, treated, and otherwise rendered care to Stephen Liker.

58. As a direct and proximate result of the negligence and/or gross negligence of Defendant Addie Hinson, ARNP, Stephen Liker was injured and died.

59. As a direct and proximate result of the negligence and/or gross negligence, recklessness, of Defendant ARNP Hinson, Plaintiffs incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker, loss of consortium for Barbara Liker, Mark Liker and Nicholas Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

60. ARNP Hinson's conduct amounted to willful and wanton disregard for Stephen Liker and the public's rights and safety.  ARNP Hinson's conduct carried a known and obvious risk that was so great as to make it highly probable that harm would follow by disregarding clear and obvious signs that Stephen was suffering from a life-threatening medical condition.

61. As a direct and proximate result of the actions of Defendant Addie Hinson ARNP, Plaintiffs are entitled to an award of punitive damages.

## COUNT II
### MEDICAL MALPRACTICE AND WRONGFUL DEATH AGAINST NURSE ASHLEY ONKEN, RN

62. Plaintiffs re-plead the allegations set forth in paragraphs 1-61 as if set forth fully herein.

63. As his triage nurse, Defendant Ashley Onken, RN undertook the nursing care and treatment of Stephen Liker at all times relevant herein.

10

Removal App. No. 36

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

64. Defendant Nurse Onken owed duties to Stephen Liker to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances while treating Stephen Liker.

65. Defendant Nurse Onken breached her duties to Stephen Liker by falling below the standard of care in her care and treatment of him when they failed to exercise the degree of reasonable care and skill exercised by like healthcare professionals of good standing under the same or similar circumstances.

66. Nurse Onken fell below the standard of care and was negligent and grossly negligent in her care and treatment of Stephen Liker in the following ways:

   a. Nurses Onken failed to properly care for Mr. Liker and to abide by the standard of care.

   b. Nurse Onken improperly triaged Mr. Liker given his new onset symptoms of left sided weakness, inability to get himself up, syncope, and abnormal vital signs.

   c. Nurse Onken assigned an inappropriate triage level of 3 when Mr. Liker's presenting symptoms and vitals warranted a 2, at minimum.

   d. Nurse Onken failed to ensure a provider timely assessed Mr. Liker following triage.

   e. Nurse Onken failed to ensure that IMMC staff took Mr. Liker's vital signs within the standard of care and in compliance with IMMC policy.

   f. Nurse Onken failed to take Mr. Liker's vitals and reassess Mr. Liker at regular intervals.

   g. Nurse Onken failed to advocate for Mr. Liker by invoking the chain of command in light of provider failure to examine Mr. Liker for seven hours.

11

Removal App. No. 37

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

h.  Nurse Onken failed to assign Mr. Liker to a room where he could be more closely monitored for changes in condition.

i.  Nurse Onken otherwise failed to exercise the ordinary care and skill in keeping with their professional, and in the areas of the profession in which they specialized, and in the manner in which they cared for, treated, and otherwise rendered care to Stephen Liker.

67. As a direct and proximate result of the negligence of Defendant Nurse Onken, Stephen Liker died.

68. As a direct and proximate result of the negligence and gross negligence of Defendant Nurse Onken, Stephen Liker and his estate incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the Estate of Stephen Liker, loss of support and consortium for Barbara Liker, Mark Liker, and Nicholas Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

69. Nurse Onken's conduct amounted to willful and wanton disregard for Stephen Liker and the public's rights and safety.  Her conduct carried a known and obvious risk that was so great as to make it highly probable that harm would follow by disregarding clear and obvious signs that Stephen was suffering from a life-threatening medical condition.

70. As a direct and proximate result of the actions of Defendants, Plaintiffs are entitled to an award of punitive damages.

## COUNT III
## MEDICAL MALPRACTICE AND WRONGFUL DEATH VICARIOUS LIABILITY AGAINST DEFENDANT CENTRAL IOWA HOSPITAL CORPORATION.

12

Removal App. No. 38

71. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 70 as if set forth fully herein.

72. Defendant Central Iowa Hospital Corporation, by and through its nurses, physicians, other healthcare providers and/or its actual, ostensible and/or apparent agents, servants and/or employees, including, but not limited to, Defendants Hinson and Onken, undertook the nursing and medical care and treatment of Stephen Liker at all times relevant to the claims made against Defendants herein.

73. Defendant Central Iowa Hospital Corporation either employed Defendants Hinson and Onken and or had an agency relationship with them, at the time of their care and treatment of Stephen Liker.

74. Defendant Central Iowa Hospital Corporation had a non-delegable duty to provide emergency medical care to Stephen Liker.  It breached this duty through the actions of its agents and employees, including the Defendants herein.  Stephen Liker was injured and died as a result.

75. Defendants Hinson and Onken breached the standard of care in their care and treatment of Stephen Liker, as described in this Petition.

76. Defendant Central Iowa Hospital Corporation is therefore vicariously liable for Defendants' Hinson and Onken's negligence and gross negligence.

77. As a direct and proximate result of the negligence and/or gross negligence of Defendants Hinson and Onken, for which Central Iowa Hospital Corporation. is vicariously liable, Stephen Liker was injured and died.

78. As a direct and proximate result of the negligence and/or gross negligence, recklessness, of Defendants Plaintiffs incurred all damages allowable under Iowa law for wrongful death,

13

Removal App. No. 39

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker,  loss of consortium for Barbara Liker, Nicholas Liker and Mark Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

79. Defendant Central Iowa Hospital Corporation authorized the manner and doing of the negligent acts of Defendants Onken and Hinson.  Thus, punitive damages against this entity are appropriate.

80. Defendant Central Iowa Hospital Corporation and/or its managerial agent ratified and approved the negligence, gross negligence and recklessness alleged throughout this petition.  Thus, punitive damages against this entity are appropriate.

81. As a direct and proximate result of the actions of Defendants, Plaintiffs are entitled to an award of punitive damages.

## COUNT IV
## LOSS OF CHANCE OF SURVIVAL
## AGAINST DEFENDANTS CENTRAL IOWA HOSPITAL CORPORATION d/b/a IOWA METHODIST MEDICAL CENTER, ADDIE HINSON ARNP and ASHLEY ONKEN RN
### (Plead in the alternative to Wrongful Death)

82. Plaintiffs re-plead the allegations set forth in paragraphs 1 through 81 as if set forth fully herein.

83. Defendants Central Iowa Hospital Corporation, Addie Hinson ARNP and Ashley Onken RN, failed to provide medical and nursing care and treatment in accordance with the standard of care as detailed throughout this Petition and incorporated herein by reference.

84. Defendants' failure to abide by the standard of care, in failing to timely diagnose and treat Stephen Liker for acute stroke, deprived Stephen of the chance of survival.

14

Removal App. No. 40

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

85. As a direct and proximate result of the negligence and/or gross negligence, and recklessness, of Defendants, Plaintiffs incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker, loss of consortium for Barbara Liker, Nicholas Liker and Mark Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

86. The Plaintiffs are entitled to damages in a proportionate amount of those claimed for Stephen Liker's death commensurate with the loss of chance of survival caused by these Defendants including all wrongful death damages provided for by statute.

87. This claim is pled in the alternative to Plaintiffs' wrongful death claim.

## COUNT V
## CORPORATE NEGLIGENCE – CENTRAL IOWA HOSPITAL CORPORATION

88. Plaintiffs re-plead the allegations set forth in paragraphs 1-87 as if set forth fully herein.

89. Central Iowa Hospital Corporation had a non-delegable duty to patients, including Stephen Liker, to select and retain only competent physicians, medical providers, and nurses.

90. Central Iowa Hospital Corporation had a non-delegable duty to patients, including Stephen Liker, to oversee all persons who practice medicine and nursing at Iowa Methodist Medical Center.

91. Central Iowa Hospital Corporation has a non-delegable duty to patients, including Stehen Liker, to formulate, adopt, and enforce adequate and appropriate rules, policies and procedures to ensure quality care for patients.

15

Removal App. No. 41

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

92. Central Iowa Hospital Corporation has non-delegable duty to patients, including Stephen Liker, to provide sufficient staff to provide care for individuals presenting to its emergency departments.

93. Central Iowa Hospital Corporation failed to select and retain competent physicians, medical providers, and nurses to provide care for Stephen Liker on or about January 8, 2024.

94. Central Iowa Hospital Corporation failed to oversee personnel practicing medicine and practicing nursing at Iowa Methodist Medical Center regarding care provided to Stephen Liker on or about January 8, 2024.

95. Central Iowa Hospital Corporation has failed to formulate, adopt and enforce rules, policies and procedures to ensure care in its emergency department operates within the standard of care for treating patients who present to the Iowa Methodist Medical Center emergency department, including Stephen Liker.

96. As a direct and proximate result of the corporate negligence of Central Iowa Hospital Corporation, Stephen Liker decompensated and was deprived of timely medical treatment for acute stroke and died. Plaintiffs incurred all damages allowable under Iowa law for wrongful death, including, but not limited to, interest on funeral and burial expenses, lost accumulation to the estate of Stephen Liker, loss of support and consortium for Barbara Liker, Mark Liker, and Nicholas Liker, pre-death pain and suffering of Stephen Liker, allowable medical expenses, and further damages to be determined and disclosed during discovery.

97. As a direct and proximate result of the actions of Defendants, Plaintiffs are entitled to an award of punitive damages.

16

Removal App. No. 42

E-FILED  2026 JAN 06 6:21 PM POLK - CLERK OF DISTRICT COURT

**WHEREFORE**, Plaintiffs Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker, seek damages and judgment against Defendants, jointly and severally, to fully and fairly compensate them for the injuries and damages they sustained as a result of Defendants' negligence and gross negligence, as provided by law, the damages outlined in each claim above, punitive damages, interest and costs as provided by law, and for such other relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiffs Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker hereby demand a jury trial on all issues in this Petition triable under Iowa Law.

Respectfully submitted,

*/s/ Erin E. Jordan*
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
HOPE LAW FIRM & ASSOCIATES, PC
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone:  (515)255-3559
Erin.jordan@hopelawfirm.com
katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

17

Removal App. No. 43

E-FILED  2026 MAR 03 10:43 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

CASE NO.: LACL165164

### AFFIDAVIT OF SERVICE

**ESTATE OF STEPHEN LIKER ET AL**

       Plaintiff/Petitioner,

vs.

**CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER , ET AL**

       Defendant/Respondent.

_____/

Received by **Absolute Serving** on **02/26/2026** to be served upon:

**ASHLEY ONKEN, RN**

STATE OF IOWA
COUNTY OF POLK        ss.

I, **Julia McMahon**, being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **03/02/2026** at **09:17 AM**, I served the within **ORIGINAL NOTICE; PETITION AT LAW AND JURY DEMAND** on **ASHLEY ONKEN, RN** at **607 SW 63RD ST , Des Moines, IA 50312** in the manner indicated below:

**INDIVIDUAL SERVICE:** I served the same by delivering a copy thereof to the above person personally.

Comments/Prev Attempts: **SKIP TRACED TO FIND CURRENT HOME ADDRESS AND SERVICE COMPLETED TO ASHLEY ONKEN, RN, PERSONALLY**

Fee For Service: **$150.00**

Sworn to and subscribed before me on this
2nd day of March, 2026
by an affiant who is personally known to me
or produced identification

NOTARY PUBLIC

GUY LESLIE ROBERTS JR.
Commission Number 831046
My Commission Expires
3-30-27

X_____
Julia McMahon
Independent Contractor for:

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **LIKER ESTATE** - Our File# **51815**

**Removal App. No. 44**

E-FILED  2026 MAR 03 10:43 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

CASE NO.: LACL165164

### AFFIDAVIT OF SERVICE

**ESTATE OF STEPHEN LIKER ET AL**

   Plaintiff/Petitioner,

vs.

**CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER , ET AL**

   Defendant/Respondent.

_____/

Received by **Absolute Serving** on **02/26/2026** to be served upon:

**CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER**

  **ss.**

I, **SELENA BARKER** , being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **02/26/2026** at **04:17 PM**, I served the within **ORIGINAL NOTICE; PETITION AT LAW AND JURY DEMAND** on **CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER** at **1200 PLEASANT ST , Des Moines, IA 50309** in the manner indicated below:

**INDIVIDUAL SERVICE:** I served the same by delivering a copy thereof to the above person personally.

Fee For Service: **$75.00**

Sworn to and subscribed before me on this
26th day of ____February____ 20 26
by an affiant who is personally known to me
or produced identification.

_____
**NOTARY PUBLIC**

X _____
**SELENA BARKER**
Independent Contractor for:

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **LIKER ESTATE** - Our File# **51814**

**JULIA MCMAHON**
NOTARIAL SEAL IOWA
Commission Number 741404
My Commission Expires
6-23-27

Removal App. No. 45

E-FILED  2026 MAR 03 10:43 AM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

CASE NO.: LACL165164

### AFFIDAVIT OF SERVICE

ESTATE OF STEPHEN LIKER ET AL

       Plaintiff/Petitioner,

vs.

**CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER , ET AL**

       Defendant/Respondent.

Received by **Absolute Serving** on **02/26/2026** to be served upon:

**ADDIE HINSON, ARNP**

ss.

I, **SHAUN M CAMPBELL**, being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On 02/27/2026 at 06:55 PM, I served the within **ORIGINAL NOTICE; PETITION AT LAW AND JURY DEMAND** on **ADDIE HINSON, ARNP** at **3817 FLETCHER BLVD , AMES, IA 50010** in the manner indicated below:

I served the same at the above person's dwelling house or usual place of abode(which place was not a rooming house, hotel, club, or apartment building) by substitute service, delivering a copy to the individual named below, which is a person residing therein who was then at least 18 years old.:

NAME: **DWIGHT HINSON** TITLE/RELATION: **HUSBAND**

Fee For Service: **$225.00**

Sworn to and subscribed before me on this 28th day of February, 2026 by an affiant who is personally known to me or produced identification.

_____
NOTARY PUBLIC

X _____
**SHAUN M CAMPBELL**
Independent Contractor for:

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **LIKER ESTATE** - Our File# **51816**

**JULIA MCMAHON**
Commission Number 741404
My Commission Expires
6-23-27

Removal App. No. 46

E-FILED  2026 MAR 18 3:07 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| BARBARA J. LIKER, AS EXECUTOR OF THE ESTATE OF STEPHEN LIKER; AND BARBARA LIKER, MARK LIKER AND NICHOLAS LIKER, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST OF DECEDENT STEPHEN LIKER, | ) ) ) ) ) ) ) ) | LAW NO.  LACL165164 |
| | ) | |
| Plaintiffs, | ) ) | **DEFENDANTS' PRE-ANSWER MOTION TO STRIKE AND RECAST** |
| vs. | ) ) ) | |
| CENTRAL IOWA HOSPITAL CORPORATION d/b/a UNITYPOINT HEALTH – DES MOINES IOWA METHODIST MEDICAL CENTER, ADDIE HINSON, ARNP and ASHLEY ONKEN, R.N., | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

COME NOW the Defendants, Central Iowa Hospital Corporation d/b/a UnityPoint Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP and Ashley Onken, R.N., for their Motion to Strike and Recast Plaintiffs' Petition, state as follows:

1.      On January 6, 2026, Plaintiffs filed their Petition.  (D0004, Pet.)  This case involves allegations of medical malpractice based on care and treatment provided to Stephen Liker at the emergency department at Iowa Methodist Medical Center.  (*See id.*)

2.      Plaintiffs' Petition includes several paragraphs that are inflammatory, conclusory, and constitute clear prolix.  Several paragraphs inject specific alleged facts and conclusions regarding care provided to other patients on prior dates completely unconnected

Removal App. No. 47

E-FILED  2026 MAR 18 3:07 PM POLK - CLERK OF DISTRICT COURT

from the care provided to Mr. Liker. (*See id.* at ¶¶ 41-49.) This appears to be a strategy calculated to stoke media attention and publicity and cast the involved providers and hospital in a negative light, rather than provide a short and plain statement of Plaintiffs' claims based on the care provided to Mr. Liker as required by Iowa law. (*See id.*) Indeed, some of the prior cases mentioned, notably involving the same law firm, have previously been the subject of media attention.[1]

3.    With the inclusion of these paragraphs, Plaintiffs' Petition does not comply with the Iowa Rules of Civil Procedure that govern pleadings. *See* Iowa R. Civ. P. 1.402(1), 1.402(2), 1.403, 1.412. Accordingly, the Court should strike Plaintiffs' Petition, and Plaintiffs should be ordered to recast their Petition to comply with the applicable rules. *See id.* at 1.402(3).

4.    Iowa Rule of Civil Procedure 1.402(1) provides: "The form and sufficiency of all pleadings shall be determined by these rules."

5.    Rule 1.402(2)(a) requires each allegation in a petition to be "simple, concise, and direct." Additionally, rule 1.403(1) states that a pleading "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought."

6.    As noted by the Iowa Supreme Court on several occasions, pleadings should be limited to ultimate facts and should not include evidence or conclusions. *See Heiman v. Felder*, 160 N.W. 234, 237 (Iowa 1916) (stating "while one should not plead evidence, and therefore should not plead evidence which is unobjectionable in form . . ."); *Brainard v. Simmons*, 12 N.W.

---

[1] Defendants refrain from attaching the prior media items regarding these cases but can provide them to the Court upon request.

Removal App. No. 48

484, 484 (Iowa 1881) ("Pleadings, so far as they contain affirmative allegations, should present simply the allegations to be proven, and not the facts by which they are to be established."); *see also Dorman v. Credit Reference & Reporting Co.*, 241 N.W. 436, 441 (Iowa 1932). When a petition goes beyond that and pleads evidence and inferential conclusions based on said evidence, those matters should be stricken. *See Roddy v. Gazette Co.*, 144 N.W. 1009, 1010 (Iowa 1914) (striking portions of petition "as pleading evidence and inferences to be drawn therefrom").

7.     If a pleading fails to comply with the applicable rules, including rules 1.402(1), 1.402(2), 1.403(1), and 1.412, rule 1.402(3) provides the proper recourse:

> On its own motion or that of any party, the court may order any prolix, confused or multiple pleading to be recast in a concise single document within such time as the order may fix. In like manner, it may order any pleading not complying with these rules to be corrected on such terms as it may impose.

Rule 1.421(1)(d) also provides a motion to strike or recast may be raised in a pre-answer responsive pleading.

8.     Plaintiffs' Petition does not assert allegations in "simple, concise, and direct statements" and do not include "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought." *See id.* at 1.402(1), (2), 1.403(1), 1.412.

9.     Instead, several of the paragraphs in Plaintiffs' Petition are inflammatory, conclusory, and contain prolix. These paragraphs are unnecessary and improper in that they plead evidence and inferential conclusions. *See Roddy*, 144 N.W. at 1010. Moreover, they plead evidence and inferential conclusions related to care provided to patients other than Mr. Liker,

3

Removal App. No. 49

E-FILED  2026 MAR 18 3:07 PM POLK - CLERK OF DISTRICT COURT

including care and treatment that occurred years prior involving different providers.  Rather than repeat the inappropriate prolix in Plaintiffs' Petition and Amended Petition, Defendants direct the Court to paragraphs 41 through 49 of the Petition.

10.    Because Plaintiffs' Petition fails to comply with the applicable rules governing pleadings, the Court should strike Plaintiffs' Petition or the prolix allegations therein.  Plaintiffs should be ordered to recast their Petition in compliance with the Iowa Rules of Civil Procedure.

**WHEREFORE**, Defendants request the Court grant their Motion to Strike and Recast and order Plaintiffs to recast their Petition in compliance with the Iowa Rules of Civil Procedure and grant any other relief the Court deems just and necessary.

/s/ *Jeffrey R. Kappelman*

| | |
|---|---|
| Erik P. Bergeland | AT0009887 |
| Jeffrey R. Kappelman | AT0012719 |
| Jack Hilmes | AT0003523 |

FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone:  (515) 288-0145
Fax:  (515) 288-2724
E-mail:  ebergeland@finleylaw.com
         jkappelman@finleylaw.com
         jhilmes@finleylaw.com
ATTORNEYS FOR DEFENDANTS

4

Removal App. No. 50

E-FILED  2026 MAR 18 3:07 PM POLK - CLERK OF DISTRICT COURT

Original filed.

Copy to:

Erin E. Jordan
Katie M. Naset
Hope Law Firm & Associates, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone: 515-255-3559
Erin.jordan@hopelawfirm.com
Katie@hopelawfirm.com
ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the ___18th___ of ___March___, 2026 by:

☐ U.S. Mail          ☐ FAX
☐ Hand Delivered     ☐ UPS
☐ Federal Express    ☒ Electronic Filing
☐ Other _____

*/s/ Karen Hinrichsen*_____

5

Removal App. No. 51

E-FILED  2026 MAR 18 3:03 PM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| BARBARA J. LIKER, AS EXECUTOR OF THE ESTATE OF STEPHEN LIKER; AND BARBARA LIKER, MARK LIKER AND NICHOLAS LIKER, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST OF DECEDENT STEPHEN LIKER, | ) ) ) ) ) ) ) ) ) | LAW NO.  LACL165164 |
| Plaintiffs, | ) ) | APPEARANCE |
| vs. | ) ) | |
| CENTRAL IOWA HOSPITAL CORPORATION d/b/a UNITYPOINT HEALTH – DES MOINES IOWA METHODIST MEDICAL CENTER, ADDIE HINSON, ARNP and ASHLEY ONKEN, R.N., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

COME NOW attorneys Erik P. Bergeland, Jeffrey R. Kappelman and Jack Hilmes of the Finley Law Firm, P.C., and hereby enter their appearance on behalf of the Defendants, Central Iowa Hospital Corporation d/b/a UnityPoint Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP and Ashley Onken, R.N.

/s/ Erik P. Bergeland
Erik P. Bergeland                    AT0009887

/s/ Jeffrey R. Kappelman
Jeffrey R. Kappelman                 AT0012719

/s/ Jack Hilmes
Jack Hilmes                          AT0003523

**Removal App. No. 52**

E-FILED  2026 MAR 18 3:03 PM POLK - CLERK OF DISTRICT COURT

FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone:  (515) 288-0145
Fax:  (515) 288-2724
E-mail:   ebergeland@finleylaw.com
              jkappelman@finleylaw.com
              jhilmes@finleylaw.com
ATTORNEYS FOR DEFENDANTS

Original filed.

Copy to:

Erin E. Jordan
Katie M. Naset
Hope Law Firm & Associates, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone: 515-255-3559
Erin.jordan@hopelawfirm.com
Katie@hopelawfirm.com
ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the ___18th___ of ___March___, 2026 by:

☐ U.S. Mail            ☐ FAX
☐ Hand Delivered       ☐ UPS
☐ Federal Express      ☒ Electronic Filing
☐ Other _____

*/s/ Karen Hinrichsen*

**Removal App. No. 53**

E-FILED  2026 MAR 20 12:31 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

*Amended*

CASE NO.: LACL165164

### AFFIDAVIT OF SERVICE

ESTATE OF STEPHEN LIKER ET AL

        Plaintiff/Petitioner,

vs.

**CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER , ET AL**

        Defendant/Respondent.

Received by **Absolute Serving** on **02/26/2026** to be served upon:

**CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER**

        ss.

I, SELENA BARKER , being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **02/26/2026** at **04:17 PM**, I served the within **ORIGINAL NOTICE; PETITION AT LAW AND JURY DEMAND** on **CENTRAL IOWA HOSPITAL CORPORATION dba UNITY POINT HEALTH- DES MOINES IOWA METHODIST MEDICAL CENTER** at **1200 PLEASANT ST , Des Moines, IA 50309** in the manner indicated below:

**CORPORATE SERVICE:** I served the same on the above company, corporation, government official, etc, by delivering a copy to the person named and described below at the address shown above. :

NAME: **BRITTANY LEINEN** TITLE/RELATION: **ADMINISTRATION/ AUTHORIZED FOR SERVICE**

Fee For Service: **$75.00**

Sworn to and subscribed before me on this _10TH_ day of _March_ , 20_26_ by an affiant who is personally known to me or produced identification.

X _____
SELENA BARKER
Independent Contractor for:

Absolute Serving
680 18th Street
Des Moines, IA 50314

Atty File#: **LIKER ESTATE** - Our File# **51814**

NOTARY PUBLIC

JULIA MCMAHON
Commission Number 741404
My Commission Expires
6·23·27

E-FILED  2026 MAR 24 9:39 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP, Ashley Onken, RN,<br><br><br>Defendants. | CASE NO. LACL165164<br><br>**RESISTANCE TO DEFENDANTS' PRE-ANSWER MOTION TO STRIKE AND RECAST** |

COME NOW, the Plaintiffs, by and through their undersigned counsel, and in support of their Resistance to the Defendants' Motion to Strike and Recast, state as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiffs filed their petition at law and jury demand on January 6, 2026 (Petition, D0004).  This matter arises from Plaintiffs' claims of medical malpractice against several individual licensed medical professionals, as well as Central Iowa Hospital Corporation, the parent company of Iowa Methodist Medical Center.  Brief recitation of the factual allegations in this matter provides context to the statements contained in the Petition that Defendants seek to challenge.

In their Petition, Plaintiffs allege that Stephen Liker, now deceased, presented to Iowa Methodist Medical Center with signs and symptoms of acute stroke.  Mr. Liker arrived at the IMMC emergency department at 11:57 AM on January 8, 2024.  Mr. Liker was not given a neurological examination by a nurse until 7:06 PM and was not examined by a provider until

Removal App. No. 55

E-FILED  2026 MAR 24 9:39 AM POLK - CLERK OF DISTRICT COURT

approximately 7:40 PM.  Plaintiffs allege that the approximately 7-hour delay in examining, evaluating, and treating Mr. Liker in the IMMC emergency department was a breach of the standard of care, which caused the death of Mr. Liker and injury to the Plaintiffs (Petition, D0004).

Defendants filed the pending pre-answer motion on March 18, 2026.  While the Defendants have captioned and present their motion as a "Motion to Strike and Recast" in reality, said motion is a procedurally improper attempt to eliminate punitive damages in this case and/or Plaintiffs' claim for Corporate Negligence, prior to the commencement of discovery and without Defendants' having to file a Motion for Summary Judgment.

## ANALYSIS AND ARGUMENT

First, Defendant's Motion to Strike or Recast is not only vague as to the proposed requested relief but is also vague as to its argument in support of a strike or recast.  Defendants instead rely on sweeping generalizations (describing well-pleaded facts as "inflammatory"), as well as speculation as to the motives of the Plaintiffs and the undersigned (e.g. "This appears to be a strategy calculated to stoke media attention and publicity and cast the providers and hospital in a negative light").  *See* Defendants' Motion, (D0009) pg. 2.  The Defendants' requested relief statement gives no directive as to *what* portions of the Petition the Court should order stricken, or, if Defendants request the entire pleading be recast.

A Motion to Strike and a Motion to Recast are different procedural vehicles which are cursorily lumped together by Defendants in the pending motion.  A Motion to Strike under IRCP 1.434 involves only a specific portion of a pleading being ordered stricken.  Defendants fail to appreciate the purpose of the motion to strike, and at points in the motion request the entire

2

Removal App. No. 56

Petition be stricken.  In juxtaposition to a Motion to Strike, a Motion to Recast is addressed by IRCP 1.402(3), and a requires a document to be recast in its entirety, not simply a portion.

With respect to Motions to Strike, in a case decided after the adoption of the Iowa Rules of Civil Procedure, the Iowa Supreme Court stated,

> [Now Rule 1.434] provides: 'Improper or unnecessary matters in a pleading may be stricken out on motion of the adverse party.' It is pointed out in Cook's Revised Edition of Iowa Rules of Civil Procedure, page 736, that a motion to strike must be cautiously granted and will be denied if there is any question as to the validity of the pleading.  This is true, it said, because striking out disposes of the pleader's case in a very summary way and may do him an injustice.  **We think, therefore, that a motion to strike certain paragraphs in a petition should be granted only when the allegations thereof have no possible relation to the controversy, and in case of doubt as to whether under any contingency the matter may raise a material issue, the trial court should deny the motion**.  It is true that the trial court has some discretion in these matters, and we have often said to constitute a proper and effective pleading, a conclusion stated must be based upon proper and pertinent related facts.  The better rule seems to be that on such a motion the court should merely determine whether there are ultimate issues to be tried, and should not try the issues at that time (Emphasis added, internal citations omitted).

In re Primary Road No. Iowa 141, 114 N.W.2d 290, 292 (Iowa 1962).  While Defendants erroneously ask to strike the Plaintiffs' "petition", their motion references 9 paragraphs (paragraphs ¶41-49) on pages 6-8 of Plaintiffs' petition (D0004).  They fail to mention what is improper in any one of the specific paragraphs, which are listed below:

> ¶41 Stephen succumbed to his injuries and died at Iowa Methodist Medical Center on January 17, 2024.

> ¶42 On February 28, 2017, CIHC received a citation as a result of an EMTALA investigation.  Iowa DIAL and CMS determined that CIHC's facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.  The EMTALA violations in this situation were so significant that the CMS Kansas City regional

3

Removal App. No. 57

office notified the Chief Medical Officer that an immediate jeopardy situation existed.

¶43 On September 6, 2022, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

¶44 In August of 2023, a 45-year old patient named Amanda Kuhlman was allowed to decompensate in the IMMC emergency department waiting room, while suffering from a pulmonary embolism that precipitated her cardiovascular collapse. She was not examined by a medical provider for nearly 10 hours, and only after she went into cardiac arrest in the IMMC emergency department waiting area.  Ms. Kuhlman also succumbed to her injuries and died at IMMC.

¶45 On November 29, 2023, CIHC received a citation as a result of an EMTALA investigation.  Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

¶46 On June 5, 2024, CIHC received several citations as a result of yet another EMTALA investigation.  Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20. Iowa Methodist Medical Center was cited for EMTALA violations involving the failure to care for Stephen Liker, as described herein.

¶47 CIHC has engaged in a persistent pattern of conduct of failing to provide emergency medical care within the standard of care due to extensive delays for emergency medical care, poor staffing practices, and inappropriate triage of

4

Removal App. No. 58

E-FILED  2026 MAR 24 9:39 AM POLK - CLERK OF DISTRICT COURT

seriously ill patients in its Des Moines area emergency departments, and more specifically, in the IMMC emergency department.

¶48 For years, CIHC has been on notice of their deficient and unsafe staffing practices, with CIHC nurses complaining about said practices, while CIHC refuses to increase staffing to provide care to patients within the standard of care.

¶49 CIHC has also been on notice of their deficient and unsafe staffing practices, extensive delays in its emergency departments and inappropriate triage of seriously ill patients due to the numerous CMS and Iowa DIAL EMTALA citations it has received dating back to at least 2017.

¶41 should not be controversial, as it simply articulates the injury and Plaintiffs' damages, (Mr. Liker's death), and his factual date of death (January 17, 2024). ¶42-49 implicate the Plaintiffs' claim for Corporate Negligence against Central Iowa Hospital Corporation (Count V) as well as Plaintiffs' request for punitive damages.  Plaintiffs allege that CIHC has numerous responsibilities to Emergency Department patients like Mr. Liker, to do things like promulgate and enforce policies and procedures, to ensure sufficient staff to care for patients, and to ensure prompt evaluation of seriously ill patients presenting to its Emergency Departments.  Plaintiffs also allege that they are entitled to punitive damages, which could be predicated on more than one theory of punitive damages. The items plead by Plaintiff in ¶42-49 demonstrate that CIHC had significant and repeated notice of the same items that also were a cause of Mr. Liker's death, and that they have engaged in a pattern of conduct in their failure to address those items.  CIHC had notice through its receipt of state and federal citations in the IMMC emergency department, and public complaints from their own nursing staff about unsafe staffing at IMMC.  As previously stated by the Iowa Supreme Court, on a motion to strike the court should refrain from

5

Removal App. No. 59

E-FILED  2026 MAR 24 9:39 AM POLK - CLERK OF DISTRICT COURT

trying the ultimate issues at this juncture (in this case, Corporate Negligence and Punitive Damages). *See* In re Primary Road No. Iowa 141, 114 N.W.2d 290, 292 (Iowa 1962).  That is precisely what the Defendants are asking this Court to do.

With respect to a Motion to Recast, there are essentially two situations, not present here, that justify requesting an entire petition be recast.  First, recasting may be appropriate when pleadings are verbose to such a degree such as to cause confusion, as was present in Ragsdall v. Church of Christ in Eldora, when the facts are confusing, or when there are multiple pleadings causing confusion.  In Ragsdall, Iowa Supreme Court stated that the trial court should have invoked 1.402(3) to rein in what were 127 pages of pleadings. Ragsdall v. Church of Christ in Eldora, 55 N.W.2d 539 (Iowa 1952).  In contrast, Plaintiffs' petition involves a complex medical malpractice matter involving 3 different Defendants and is 17 pages.  Additionally, recasting may be appropriate when other rules of civil procedure are violated, (an example frequently used is when multiple distinct claims are plead within as single count of the Petition).

Defendants cite several cases, allegedly in support of their argument that the Plaintiffs violated several Iowa Rules of Civil Procedure.  The problem for the Defendants is that all cases cited by them in their motion predate the adoption of the Iowa Rules of Civil Procedure entirely and thus provide the Court with no utility in interpreting the specific provisions of the Iowa Rules of Civil Procedure.  The Iowa Rules of Civil Procedure "took effect July 4, 1943." Patterson v. Union Pacific Railroad, 49 N.W.2d 820, 821 (Iowa 1951).  The adoption of the Iowa Rules of Civil Procedure "…supersede those considered prior to their adoption." Pederson v. Thorn, 137 N.W.2d 588 (Iowa 1965).[1] In fact, the comments to the Iowa Rules of Civil

---

[1] *See* cases cited by Defendants: Heinman v. Felder, 160 N.W.2d 237 (Iowa **1916)**, Brainard v. Simmons, 12 N.W. 484 (Iowa **1881)**, Dorman v. Credit Reference & Reporting Co., 241 N.W. 436 (Iowa **1932)**, Roddy v. Gazette Co., 144 N.W.2d 436 (Iowa **1914)**.

6

Removal App. No. 60

Procedure themselves flatly contradict the Defendants' arguments.  For example, Defendants cite to numerous cases for the same proposition, including to a 1916 case, Heiman v. Felder, to state that "pleadings should be limited to ultimate facts and should not include evidence or conclusions." *See* Defendants' Motion at 2.  However, Official Comments to IRCP 1.402 state, "Distinctions under the former rule between 'ultimate facts' which were required to be pleaded and 'evidence' and 'conclusions of law' which were prohibited in pleadings are abolished." Official Comment to Rule 1.402 – Amendment 1976.

Having failed to cite to a single appellate case that would provide legal support for their motion, Defendants then simply list the rules to attempt to support that Plaintiffs have not complied with Iowa Rule of Civil Procedure 1.402(2)(a), 1.403(1), and 1.412. Plaintiffs do not dispute the plain text of 1.402(1), that IRCP governs with respect to the form and sufficiency of pleadings.

Iowa Rule of Civil Procedure 1.402(2)(a) states, "Each averment of a pleading shall be simple, concise and direct. No technical forms of pleadings are required." Iowa Rule of Civil Procedure 1.403(1) provides in pertinent part, "*Generally*. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or cross-petition, shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought." Defendants do not provide any specific argument that the pleadings are not simple, concise and direct, or that they do not contain short and plain statements of the claim, they merely restate the rules and rely on case law that is inapplicable and flatly contradicted by comments in the rules themselves.  Plaintiffs have reduced a complex medical malpractice claim, involving several 3 Plaintiffs with claims against 3 Defendants to 17

7

Removal App. No. 61

E-FILED  2026 MAR 24 9:39 AM POLK - CLERK OF DISTRICT COURT

pages (double spaced).  Plaintiffs' pleading in this matter is simple, concise and direct, and contain short and plain statements.

Iowa Rule of Civil Procedure 1.412, states, "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Defendants again, fail to specify how Plaintiffs' petition violates this rule, as the Petition is in clearly numbered paragraphs, and contain statements in each numbered paragraph of a single set of circumstances.

## CONCLUSION

The Defendants' desire to be shielded from negative media publicity is a non-legal concern unrelated to the pleading requirements of the Iowa Rules of Civil Procedure. Throughout the motion, Defendants only specifically reference a small section of the Petition, which happens to be almost entirely comprised of Plaintiffs' factual allegations in support of Plaintiff's claim for Corporate Negligence and request for punitive damages.  It is unclear from the Defendants' motion what relief they are even requesting, as they have conflated the two separate and distinct mechanisms to challenge a pleading, a motion to strike a specific statement in a petition and a motion to recast the petition in its entirety.  They appear fixated on so-called "inflammatory" statements, which are merely inconvenient facts for the Defendants, hence the current attempt at a pre-answer, back-door, Motion for Summary Judgment on the issues of Corporate Negligence and punitive damages.

8

Removal App. No. 62

E-FILED  2026 MAR 24 9:39 AM POLK - CLERK OF DISTRICT COURT

WHEREFORE, the Plaintiffs respectfully request that the Defendants' motion be denied in its entirety.

Respectfully submitted,

*/s/ Katie M. Naset*_____
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
HOPE LAW FIRM & ASSOCIATES, PC
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone:  (515)255-3559
Erin.jordan@hopelawfirm.com
Katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Original filed.

Copy to:

ATTTORNEYS FOR DEFENDANTS

| PROOF OF SERVICE |
| --- |
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on March 24, 2026 by: |
| _____ U.S. Mail         _____ Hand Delivery<br>_____ Fax              _____ Overnight<br>**_____** Email            _____ Other<br>__X__ Electronically via EDMS |
| Signature: */s/ Katie M. Naset* |

9

**Removal App. No. 63**