IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| BARBARA J. LIKER, AS EXECUTOR OF THE ESTATE OF STEPHEN LIKER; AND BARBARA LIKER, MARK LIKER AND NICHOLAS LIKER, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST OF DECEDENT STEPHEN LIKER, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTRAL IOWA HOSPITAL CORPORATION d/b/a UNITYPOINT HEALTH – DES MOINES IOWA METHODIST MEDICAL CENTER, ADDIE HINSON, ARNP and ASHLEY ONKEN, R.N., <br><br> Defendants. | LAW NO. LACL165164 <br><br><br> **DEFENDANTS' PRE-ANSWER MOTION TO STRIKE AND RECAST** |

COME NOW the Defendants, Central Iowa Hospital Corporation d/b/a UnityPoint Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP and Ashley Onken, R.N., for their Motion to Strike and Recast Plaintiffs' Petition, state as follows:

1. On January 6, 2026, Plaintiffs filed their Petition. (D0004, Pet.) This case involves allegations of medical malpractice based on care and treatment provided to Stephen Liker at the emergency department at Iowa Methodist Medical Center. (*See id.*)

2. Plaintiffs' Petition includes several paragraphs that are inflammatory, conclusory, and constitute clear prolix. Several paragraphs inject specific alleged facts and conclusions regarding care provided to other patients on prior dates completely unconnected

<span style="color:red">**Removal App. No. 47**</span>

from the care provided to Mr. Liker.  (*See id.* at ¶¶ 41-49.)  This appears to be a strategy calculated to stoke media attention and publicity and cast the involved providers and hospital in a negative light, rather than provide a short and plain statement of Plaintiffs' claims based on the care provided to Mr. Liker as required by Iowa law.  (*See id.*)  Indeed, some of the prior cases mentioned, notably involving the same law firm, have previously been the subject of media attention.[1]

3.    With the inclusion of these paragraphs, Plaintiffs' Petition does not comply with the Iowa Rules of Civil Procedure that govern pleadings.  *See* Iowa R. Civ. P. 1.402(1), 1.402(2), 1.403, 1.412.  Accordingly, the Court should strike Plaintiffs' Petition, and Plaintiffs should be ordered to recast their Petition to comply with the applicable rules.  *See id.* at 1.402(3).

4.    Iowa Rule of Civil Procedure 1.402(1) provides: "The form and sufficiency of all pleadings shall be determined by these rules."

5.    Rule 1.402(2)(a) requires each allegation in a petition to be "simple, concise, and direct."  Additionally, rule 1.403(1) states that a pleading "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought."

6.    As noted by the Iowa Supreme Court on several occasions, pleadings should be limited to ultimate facts and should not include evidence or conclusions.  *See Heiman v. Felder*, 160 N.W. 234, 237 (Iowa 1916) (stating "while one should not plead evidence, and therefore should not plead evidence which is unobjectionable in form . . ."); *Brainard v. Simmons*, 12 N.W.

---

[1] Defendants refrain from attaching the prior media items regarding these cases but can provide them to the Court upon request.

Removal App. No. 48

484, 484 (Iowa 1881) ("Pleadings, so far as they contain affirmative allegations, should present simply the allegations to be proven, and not the facts by which they are to be established."); *see also Dorman v. Credit Reference & Reporting Co.*, 241 N.W. 436, 441 (Iowa 1932). When a petition goes beyond that and pleads evidence and inferential conclusions based on said evidence, those matters should be stricken. *See Roddy v. Gazette Co.*, 144 N.W. 1009, 1010 (Iowa 1914) (striking portions of petition "as pleading evidence and inferences to be drawn therefrom").

7. If a pleading fails to comply with the applicable rules, including rules 1.402(1), 1.402(2), 1.403(1), and 1.412, rule 1.402(3) provides the proper recourse:

> On its own motion or that of any party, the court may order any prolix, confused or multiple pleading to be recast in a concise single document within such time as the order may fix. In like manner, it may order any pleading not complying with these rules to be corrected on such terms as it may impose.

Rule 1.421(1)(d) also provides a motion to strike or recast may be raised in a pre-answer responsive pleading.

8. Plaintiffs' Petition does not assert allegations in "simple, concise, and direct statements" and do not include "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought." *See id.* at 1.402(1), (2), 1.403(1), 1.412.

9. Instead, several of the paragraphs in Plaintiffs' Petition are inflammatory, conclusory, and contain prolix. These paragraphs are unnecessary and improper in that they plead evidence and inferential conclusions. *See Roddy*, 144 N.W. at 1010. Moreover, they plead evidence and inferential conclusions related to care provided to patients other than Mr. Liker,

3

Removal App. No. 49

including care and treatment that occurred years prior involving different providers.  Rather than repeat the inappropriate prolix in Plaintiffs' Petition and Amended Petition, Defendants direct the Court to paragraphs 41 through 49 of the Petition.

10.    Because Plaintiffs' Petition fails to comply with the applicable rules governing pleadings, the Court should strike Plaintiffs' Petition or the prolix allegations therein.  Plaintiffs should be ordered to recast their Petition in compliance with the Iowa Rules of Civil Procedure.

**WHEREFORE**, Defendants request the Court grant their Motion to Strike and Recast and order Plaintiffs to recast their Petition in compliance with the Iowa Rules of Civil Procedure and grant any other relief the Court deems just and necessary.

*/s/ Jeffrey R. Kappelman*

| Erik P. Bergeland | AT0009887 |
|---|---|
| Jeffrey R. Kappelman | AT0012719 |
| Jack Hilmes | AT0003523 |

FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
Telephone:  (515) 288-0145
Fax:  (515) 288-2724
E-mail:   ebergeland@finleylaw.com
            jkappelman@finleylaw.com
            jhilmes@finleylaw.com
ATTORNEYS FOR DEFENDANTS

4

Removal App. No. 50

Original filed.

Copy to:

Erin E. Jordan
Katie M. Naset
Hope Law Firm & Associates, PC
5022 Grand Ridge Drive
West Des Moines, IA 50265
Telephone: 515-255-3559
Erin.jordan@hopelawfirm.com
Katie@hopelawfirm.com
ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the _____18th_____ of _____March_____, 2026 by:

☐U.S. Mail     ☐FAX
☐Hand Delivered     ☐UPS
☐Federal Express     ☒Electronic Filing
☐Other _____

*/s/ Karen Hinrichsen*

5

Removal App. No. 51