IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| Barbara J. Liker, as Executor of the Estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker individually and as Successors in Interest of Decedent Stephen Liker<br><br>Plaintiffs,<br><br>vs.<br><br>Central Iowa Hospital Corporation d/b/a Unity Point Health – Des Moines Iowa Methodist Medical Center, Addie Hinson, ARNP, Ashley Onken, RN,<br><br><br>Defendants. | CASE NO. LACL165164<br><br><br>**RESISTANCE TO DEFENDANTS' PRE-ANSWER MOTION TO STRIKE AND RECAST** |

COME NOW, the Plaintiffs, by and through their undersigned counsel, and in support of their Resistance to the Defendants' Motion to Strike and Recast, state as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiffs filed their petition at law and jury demand on January 6, 2026 (Petition, D0004). This matter arises from Plaintiffs' claims of medical malpractice against several individual licensed medical professionals, as well as Central Iowa Hospital Corporation, the parent company of Iowa Methodist Medical Center. Brief recitation of the factual allegations in this matter provides context to the statements contained in the Petition that Defendants seek to challenge.

In their Petition, Plaintiffs allege that Stephen Liker, now deceased, presented to Iowa Methodist Medical Center with signs and symptoms of acute stroke. Mr. Liker arrived at the IMMC emergency department at 11:57 AM on January 8, 2024. Mr. Liker was not given a neurological examination by a nurse until 7:06 PM and was not examined by a provider until

Removal App. No. 55

approximately 7:40 PM.  Plaintiffs allege that the approximately 7-hour delay in examining, evaluating, and treating Mr. Liker in the IMMC emergency department was a breach of the standard of care, which caused the death of Mr. Liker and injury to the Plaintiffs (Petition, D0004).

Defendants filed the pending pre-answer motion on March 18, 2026.  While the Defendants have captioned and present their motion as a "Motion to Strike and Recast" in reality, said motion is a procedurally improper attempt to eliminate punitive damages in this case and/or Plaintiffs' claim for Corporate Negligence, prior to the commencement of discovery and without Defendants' having to file a Motion for Summary Judgment.

### ANALYSIS AND ARGUMENT

First, Defendant's Motion to Strike or Recast is not only vague as to the proposed requested relief but is also vague as to its argument in support of a strike or recast.  Defendants instead rely on sweeping generalizations (describing well-pleaded facts as "inflammatory"), as well as speculation as to the motives of the Plaintiffs and the undersigned (e.g. "This appears to be a strategy calculated to stoke media attention and publicity and cast the providers and hospital in a negative light").  *See* Defendants' Motion, (D0009) pg. 2.  The Defendants' requested relief statement gives no directive as to *what* portions of the Petition the Court should order stricken, or, if Defendants request the entire pleading be recast.

A Motion to Strike and a Motion to Recast are different procedural vehicles which are cursorily lumped together by Defendants in the pending motion.  A Motion to Strike under IRCP 1.434 involves only a specific portion of a pleading being ordered stricken.  Defendants fail to appreciate the purpose of the motion to strike, and at points in the motion request the entire

2

Removal App. No. 56

Petition be stricken.  In juxtaposition to a Motion to Strike, a Motion to Recast is addressed by IRCP 1.402(3), and a requires a document to be recast in its entirety, not simply a portion.

With respect to Motions to Strike, in a case decided after the adoption of the Iowa Rules of Civil Procedure, the Iowa Supreme Court stated,

> [Now Rule 1.434] provides: 'Improper or unnecessary matters in a pleading may be stricken out on motion of the adverse party.' It is pointed out in Cook's Revised Edition of Iowa Rules of Civil Procedure, page 736, that a motion to strike must be cautiously granted and will be denied if there is any question as to the validity of the pleading.  This is true, it said, because striking out disposes of the pleader's case in a very summary way and may do him an injustice.  **We think, therefore, that a motion to strike certain paragraphs in a petition should be granted only when the allegations thereof have no possible relation to the controversy, and in case of doubt as to whether under any contingency the matter may raise a material issue, the trial court should deny the motion**.  It is true that the trial court has some discretion in these matters, and we have often said to constitute a proper and effective pleading, a conclusion stated must be based upon proper and pertinent related facts.  The better rule seems to be that on such a motion the court should merely determine whether there are ultimate issues to be tried, and should not try the issues at that time (Emphasis added, internal citations omitted).

In re Primary Road No. Iowa 141, 114 N.W.2d 290, 292 (Iowa 1962).  While Defendants erroneously ask to strike the Plaintiffs' "petition", their motion references 9 paragraphs (paragraphs ¶41-49) on pages 6-8 of Plaintiffs' petition (D0004).  They fail to mention what is improper in any one of the specific paragraphs, which are listed below:

> ¶41 Stephen succumbed to his injuries and died at Iowa Methodist Medical Center on January 17, 2024.

> ¶42 On February 28, 2017, CIHC received a citation as a result of an EMTALA investigation.  Iowa DIAL and CMS determined that CIHC's facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.  The EMTALA violations in this situation were so significant that the CMS Kansas City regional

Removal App. No. 57

office notified the Chief Medical Officer that an immediate jeopardy situation existed.

¶43 On September 6, 2022, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

¶44 In August of 2023, a 45-year old patient named Amanda Kuhlman was allowed to decompensate in the IMMC emergency department waiting room, while suffering from a pulmonary embolism that precipitated her cardiovascular collapse. She was not examined by a medical provider for nearly 10 hours, and only after she went into cardiac arrest in the IMMC emergency department waiting area. Ms. Kuhlman also succumbed to her injuries and died at IMMC.

¶45 On November 29, 2023, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20.

¶46 On June 5, 2024, CIHC received several citations as a result of yet another EMTALA investigation. Iowa DIAL and CMS determined that the CIHC facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20. Iowa Methodist Medical Center was cited for EMTALA violations involving the failure to care for Stephen Liker, as described herein.

¶47 CIHC has engaged in a persistent pattern of conduct of failing to provide emergency medical care within the standard of care due to extensive delays for emergency medical care, poor staffing practices, and inappropriate triage of

Removal App. No. 58

seriously ill patients in its Des Moines area emergency departments, and more specifically, in the IMMC emergency department.

¶48 For years, CIHC has been on notice of their deficient and unsafe staffing practices, with CIHC nurses complaining about said practices, while CIHC refuses to increase staffing to provide care to patients within the standard of care.

¶49 CIHC has also been on notice of their deficient and unsafe staffing practices, extensive delays in its emergency departments and inappropriate triage of seriously ill patients due to the numerous CMS and Iowa DIAL EMTALA citations it has received dating back to at least 2017.

¶41 should not be controversial, as it simply articulates the injury and Plaintiffs' damages, (Mr. Liker's death), and his factual date of death (January 17, 2024). ¶42-49 implicate the Plaintiffs' claim for Corporate Negligence against Central Iowa Hospital Corporation (Count V) as well as Plaintiffs' request for punitive damages. Plaintiffs allege that CIHC has numerous responsibilities to Emergency Department patients like Mr. Liker, to do things like promulgate and enforce policies and procedures, to ensure sufficient staff to care for patients, and to ensure prompt evaluation of seriously ill patients presenting to its Emergency Departments. Plaintiffs also allege that they are entitled to punitive damages, which could be predicated on more than one theory of punitive damages. The items plead by Plaintiff in ¶42-49 demonstrate that CIHC had significant and repeated notice of the same items that also were a cause of Mr. Liker's death, and that they have engaged in a pattern of conduct in their failure to address those items. CIHC had notice through its receipt of state and federal citations in the IMMC emergency department, and public complaints from their own nursing staff about unsafe staffing at IMMC. As previously stated by the Iowa Supreme Court, on a motion to strike the court should refrain from

Removal App. No. 59

trying the ultimate issues at this juncture (in this case, Corporate Negligence and Punitive Damages). *See* In re Primary Road No. Iowa 141, 114 N.W.2d 290, 292 (Iowa 1962). That is precisely what the Defendants are asking this Court to do.

With respect to a Motion to Recast, there are essentially two situations, not present here, that justify requesting an entire petition be recast. First, recasting may be appropriate when pleadings are verbose to such a degree such as to cause confusion, as was present in Ragsdall v. Church of Christ in Eldora, when the facts are confusing, or when there are multiple pleadings causing confusion. In Ragsdall, Iowa Supreme Court stated that the trial court should have invoked 1.402(3) to rein in what were 127 pages of pleadings. Ragsdall v. Church of Christ in Eldora, 55 N.W.2d 539 (Iowa 1952). In contrast, Plaintiffs' petition involves a complex medical malpractice matter involving 3 different Defendants and is 17 pages. Additionally, recasting may be appropriate when other rules of civil procedure are violated, (an example frequently used is when multiple distinct claims are plead within as single count of the Petition).

Defendants cite several cases, allegedly in support of their argument that the Plaintiffs violated several Iowa Rules of Civil Procedure. The problem for the Defendants is that all cases cited by them in their motion predate the adoption of the Iowa Rules of Civil Procedure entirely and thus provide the Court with no utility in interpreting the specific provisions of the Iowa Rules of Civil Procedure. The Iowa Rules of Civil Procedure "took effect July 4, 1943." Patterson v. Union Pacific Railroad, 49 N.W.2d 820, 821 (Iowa 1951). The adoption of the Iowa Rules of Civil Procedure "…supersede those considered prior to their adoption." Pederson v. Thorn, 137 N.W.2d 588 (Iowa 1965).[1] In fact, the comments to the Iowa Rules of Civil

---

[1] *See* cases cited by Defendants: Heinman v. Felder, 160 N.W.2d 237 (Iowa **1916)**, Brainard v. Simmons, 12 N.W. 484 (Iowa **1881)**, Dorman v. Credit Reference & Reporting Co., 241 N.W. 436 (Iowa **1932)**, Roddy v. Gazette Co., 144 N.W.2d 436 (Iowa **1914)**.

Removal App. No. 60

Procedure themselves flatly contradict the Defendants' arguments.  For example, Defendants cite to numerous cases for the same proposition, including to a 1916 case, <u>Heiman v. Felder</u>, to state that "pleadings should be limited to ultimate facts and should not include evidence or conclusions." *See* <u>Defendants' Motion</u> at 2.  However, Official Comments to IRCP 1.402 state, "Distinctions under the former rule between 'ultimate facts' which were required to be pleaded and 'evidence' and 'conclusions of law' which were prohibited in pleadings are abolished." <u>Official Comment to Rule 1.402 – Amendment 1976</u>.

Having failed to cite to a single appellate case that would provide legal support for their motion, Defendants then simply list the rules to attempt to support that Plaintiffs have not complied with Iowa Rule of Civil Procedure 1.402(2)(a), 1.403(1), and 1.412. Plaintiffs do not dispute the plain text of 1.402(1), that IRCP governs with respect to the form and sufficiency of pleadings.

Iowa Rule of Civil Procedure 1.402(2)(a) states, "Each averment of a pleading shall be simple, concise and direct. No technical forms of pleadings are required." Iowa Rule of Civil Procedure 1.403(1) provides in pertinent part, "*Generally*. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or cross-petition, shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the type of relief sought." Defendants do not provide any specific argument that the pleadings are not simple, concise and direct, or that they do not contain short and plain statements of the claim, they merely restate the rules and rely on case law that is inapplicable and flatly contradicted by comments in the rules themselves.  Plaintiffs have reduced a complex medical malpractice claim, involving several 3 Plaintiffs with claims against 3 Defendants to 17

Removal App. No. 61

pages (double spaced). Plaintiffs' pleading in this matter is simple, concise and direct, and contain short and plain statements.

Iowa Rule of Civil Procedure 1.412, states, "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Defendants again, fail to specify how Plaintiffs' petition violates this rule, as the Petition is in clearly numbered paragraphs, and contain statements in each numbered paragraph of a single set of circumstances.

## CONCLUSION

The Defendants' desire to be shielded from negative media publicity is a non-legal concern unrelated to the pleading requirements of the Iowa Rules of Civil Procedure. Throughout the motion, Defendants only specifically reference a small section of the Petition, which happens to be almost entirely comprised of Plaintiffs' factual allegations in support of Plaintiff's claim for Corporate Negligence and request for punitive damages. It is unclear from the Defendants' motion what relief they are even requesting, as they have conflated the two separate and distinct mechanisms to challenge a pleading, a motion to strike a specific statement in a petition and a motion to recast the petition in its entirety. They appear fixated on so-called "inflammatory" statements, which are merely inconvenient facts for the Defendants, hence the current attempt at a pre-answer, back-door, Motion for Summary Judgment on the issues of Corporate Negligence and punitive damages.

Removal App. No. 62

WHEREFORE, the Plaintiffs respectfully request that the Defendants' motion be denied in its entirety.

Respectfully submitted,

*/s/ Katie M. Naset*_____
Erin E. Jordan AT0015473
Katie M. Naset AT0008875
HOPE LAW FIRM & ASSOCIATES, PC
5022 Grand Ridge Drive
West Des Moines, Iowa 50265
Telephone:  (515)255-3559
Erin.jordan@hopelawfirm.com
Katie@hopelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Original filed.

Copy to:

ATTTORNEYS FOR DEFENDANTS

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on March 24, 2026 by:

_____ U.S. Mail       _____ Hand Delivery
_____ Fax       _____ Overnight
_____ Email       _____ Other
__X__ Electronically via EDMS

Signature: */s/ Katie M. Naset*

Removal App. No. 63