IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BARBARA J. LIKER, as executor of the estate of Stephen Liker; and BARBARA LIKER, MARK LIKER, and NICHOLAS LIKER, individually and as successors in interest of Stephen Liker,<br><br>　　　　Plaintiffs,<br>v.<br><br>CENTRAL IOWA HOSPITAL CORPORATION, doing business as Unity Point Health – Des Moines Iowa Methodist Medical Center; ADDIE HINSON; and ASHLEY ONKEN,<br><br>　　　　Defendants. | No. 4:26-cv-00136-RGE-SBJ<br><br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

## I.　INTRODUCTION

Plaintiffs Barbara J. Liker, as executor of the estate of Stephen Liker; and Barbara Liker, Mark Liker, and Nicholas Liker, individually and as successors in interest of Stephen Liker, filed suit in the Iowa District Court for Polk County against Defendants Central Iowa Hospital Corporation, doing business as Unity Point Health – Des Moines Iowa Methodist Medical Center; Addie Hinson; and Ashley Onken. Plaintiffs seek damages for medical malpractice and wrongful death, loss of chance of survival, and corporate negligence related to Stephen Liker's care at Iowa Methodist Medical Center. Defendants removed the case to this Court, arguing the Court has jurisdiction over this matter because the petition raises substantial and disputed questions of federal law. Plaintiffs move to remand, arguing the claims do not raise a federal question.

For the reasons stated below, the Court grants Plaintiffs' motion to remand.

## II.    BACKGROUND

Plaintiffs filed a petition in the Iowa District Court for Polk County. Pet., ECF No. 1-3. The petition alleges medical malpractice and wrongful death against Addie Hinson (Count I); medical malpractice and wrongful death against Ashley Onken (Count II); vicarious liability for medical malpractice and wrongful death against Central Iowa Hospital Corp. (Count III); loss of chance of survival against all Defendants (Count IV); and corporate negligence against Central Iowa Hospital Corp. (Count V). *Id.* ¶¶ 53–97. Plaintiffs seek damages related to Stephen Liker's care at Central Iowa Hospital Corp. *Id.*

Defendants were served with the petition on February 26, February 27, and March 2, 2026. Defs.' App. Supp. Notice Removal 44–46, ECF No. 1-3. Defendants timely removed the case on March 27, 2026, relying on federal question jurisdiction. Defs.' Notice Removal, ECF No. 1; 28 U.S.C. § 1446(b)(1), (b)(2)(A).

Defendants moved to strike and recast Plaintiffs' petition because the petition "includes several paragraphs that are inflammatory, conclusory, and constitute clear prolix." Defs.' Mot. Strike & Recast ¶ 2, ECF No. 4. Defendants argued portions of the petition did not comply with Iowa Rules of Civil Procedure governing pleadings, including that allegations be "simple, concise, and direct" and "contain a short and plain statement of the claim," and should be recast. *Id.* ¶ 3–5; Iowa R. Civ. P. 1.402(2)(a), 1.403(1). Plaintiffs resisted. Pls.' Resist. Defs.' Mot. Strike & Recast, ECF No. 5.

Plaintiffs timely filed a motion to remand on April 25, 2026. Pls.' Mot. Remand, ECF No. 7; Pls.' Br. Supp. Mot. Remand, ECF No. 7-1. Plaintiffs argue the Court does not have federal question jurisdiction over this case—the basis upon which Defendants removed—because none of the claims arise under the laws of the United States and the claims do not raise substantial and disputed questions of federal law. ECF No. 7 ¶¶ 4–5. Defendants resist, arguing the petition raises

a substantial and disputed question of federal law under the Emergency Medical Treatment and Labor Act (EMTALA). Defs.' Resist. Pls.' Mot. Remand, ECF No. 8.

Additional facts are set forth below as necessary.

## III.   LEGAL STANDARD

"[F]ederal courts are courts of limited jurisdiction." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). Under 28 U.S.C. § 1331, federal district courts have jurisdiction over actions arising under federal law—including federal statutes and the United States Constitution. *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023). State law claims arise under federal law and "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). State law claims arising under federal law is a "special and small category." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). An action "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* "Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Cent. Iowa Power Co-op. v. Midwest Indep. Transm. Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). Following removal, a plaintiff seeking to remand the case to state court may move to remand the case "at any time before final judgment [if] it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "The party seeking removal has the burden to establish federal subject-matter jurisdiction." *Kellum v. Gilster-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852 (8th Cir. 2024). "[A]ll doubts about federal jurisdiction must be resolved in favor of

3

remand." *Cent. Iowa Power Co-op*, 561 F.3d at 912. "Removal based on 'federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

## IV. DISCUSSION

Plaintiffs seek remand of this action to the Iowa District Court for Polk County. ECF No. 7. Plaintiffs' petition undisputedly alleges only state law claims. *See* ECF No. 1-3 ¶¶ 53–97; ECF No. 8 at 2 ("Defendants agree with Plaintiffs that federal law does not create any of the causes of actions in this matter."). Defendants argue the Court nevertheless has federal question jurisdiction over this case because "a determination on whether past EMTALA violations are sufficient to support Plaintiffs' claims for corporate negligence and punitive damages is necessarily raised, actually disputed, and substantial." ECF No. 8 at 3; *see also* ECF No. 1 ¶ 1. Plaintiffs argue the Court lacks subject matter jurisdiction over this case because Plaintiffs' state law claims "do not involve significant issues of federal law that are dispositive of any issues in this case." ECF No. 7 ¶ 5.

Defendants argue Plaintiffs' references to EMTALA in the petition necessarily require resolution of a substantial question of federal law on Plaintiffs' corporate negligence claim and request for punitive damages. ECF No. 1 ¶¶ 16–17.[1] EMTALA, a federal statute, ensures public access to emergency services and requires medical facilities to provide stabilizing treatment regardless of ability to pay. 42 U.S.C. § 1395dd; *see Harrison v. Christus St. Patrick Hosp.*, 432 F.

---

[1] Defendants rely in part on statements in Plaintiffs' resistance to Defendants' pre-answer motion to strike and recast to argue Plaintiffs' claims require a federal court to resolve a substantial question under EMTALA. ECF No. 1 ¶ 8; ECF No. 8 at 2–3. The Court evaluates subject matter jurisdiction from the face of Plaintiffs' well-pleaded complaint only. *Cf. Cent. Iowa Power Co-op.*, F.3d at 912.

Supp. 2d 648, 651 (W.D. La. 2006). Defendants support their assertion of federal question jurisdiction by citing to portions of the petition that reference Central Iowa Hospital Corp.'s citations resulting from EMTALA investigations. *See, e.g.,* ECF No. 1-3 ¶ 42 ("On February 28, 2017, CIHC received a citation as a result of an EMTALA investigation. Iowa DIAL and CMS determined that the CIHC's facility was not operating in compliance with 42 CFR 489.24 and 42 CFR 489.20."), ¶¶ 43–45. The petition alleges Central Iowa Hospital Corp. received citations resulting from an EMTALA investigation into Central Iowa Hospital Corp.'s care of Stephen Liker. *Id.* ¶ 46. Defendants argue Plaintiffs' corporate negligence claim and request for punitive damages "can only be properly accorded after a determination of whether Defendants did, in fact, violate EMTALA in a manner sufficient to give rise to compensable damages under the statute." ECF No. 1 ¶ 18.

To prevail on a claim of corporate negligence, Plaintiffs must show "the applicable standard of care, violation of the standard of care, and a causal relationship between the violation and the harm alleged." *Harris v. Select Specialty Hosp. - Quad Cities, Inc.,* 1 N.W.3d 806 (Iowa Ct. App. 2023) (table decision) (discussing institutional negligence claim against hospital). To collect punitive damages, Plaintiffs must show "by a preponderance of clear, convincing, and satisfactory evidence, the conduct of the defendant from which the claim arose constituted willful and wanton disregard for the rights or safety of another." Iowa Code § 668A.1(1)(a). An award of punitive damages also requires Plaintiffs to "offer evidence of defendant's persistent course of conduct to show no care by defendant with disregard for the consequences." *Beeman v. Manville Corp. Asbestos Disease Comp. Fund*, 496 N.W.2d 247, 255 (Iowa 1993).

Plaintiffs' corporate negligence claim does not raise a necessary, substantial question under EMTALA. *Cf. Gunn,* 568 U.S. at 258. Petitioners reference EMTALA in the background section of the petition to state Central Iowa Hospital Corp. has received citations resulting from EMTALA

investigations. ECF No. 1-3 ¶¶ 42–46. Petitioners also state, "CIHC has also been on notice of their deficient and unsafe staffing practices, extensive delays in its emergency departments and inappropriate triage of seriously ill patients due to the numerous CMS and Iowa DIAL EMTALA citations." *Id.* ¶ 49. While EMTALA violations may provide evidence supporting an assertion that Defendants breached the standard of care relevant to a negligence claim, Plaintiffs are not required to rely on EMTALA violations to establish a standard of care or a breach of the standard of care. *See, e.g., Vance v. McCurtain Mem'l Hosp.,* No. CIV 10-282-FHS, 2010 WL 3910175, at *3 (E.D. Okla. Oct. 4, 2010) ("Plaintiff's state law medical negligence claims are not dependent on the resolution of the appropriate interpretation and relevance of EMTALA regulations governing emergency room procedures. Plaintiff may ultimately prevail on her medical negligence claims by relying on expert standard of care testimony unrelated to EMTALA requirements."); *Sercye-McCollum v. Ravenswood Hosp. Med. Ctr.,* 140 F. Supp. 2d 944, 946 (N.D. Ill. 2001) ("While it is true that plaintiffs' allegations that defendants violated the EMTALA support plaintiffs' state law claims, that is only one of plaintiffs' possible liability theories; plaintiffs may be able to establish that defendants deviated from the applicable standard of care by relying, for example, on expert testimony unrelated to the federal statutory requirements.").

Plaintiffs do not rely on EMTALA to establish their corporate negligence claim. ECF No. 1-3 ¶¶ 88–97. Plaintiffs refer to EMTALA violations in the background section of the petition, and EMTALA violations may provide some evidence of the standard of care when assessing negligence, but the EMTALA violations are not a substantial element of Plaintiffs' corporate negligence claim such that a federal court must confront EMTALA to resolve the claim. *See Williams v. EDCare Mgmt., Inc.,* No. CIV. A. 1:08-CV-278, 2008 WL 4755744, at *6 (E.D. Tex. Oct. 28, 2008) ("While Plaintiffs' pleadings [] appear to reference EMTALA[], courts are clear that the mere presence of a federal issue in a state cause of action does not automatically confer

6

federal question jurisdiction." (internal quotation marks and citation omitted)) (collecting cases). Interpretation of EMTALA, the regulations underlying EMTALA, or EMTALA violations are not substantially a part of Plaintiffs' corporate negligence claim nor necessary to resolve the claim. Therefore, Plaintiffs' corporate negligence claim does not establish federal question jurisdiction.

Plaintiffs' request for punitive damages also does not establish federal question jurisdiction. As a threshold matter, a punitive damages demand is not a stand-alone cause of action. *William & Mary Goche, LLC v. Kossuth Cnty. Bd. of Supervisors*, 5 N.W.3d 650, 653 (Iowa 2024), *as amended* (June 19, 2024) ("This court has repeatedly explained that punitive damages do not constitute a distinct cause of action. Rather, they are a form of relief incidental to the main cause of action." (internal quotation marks and citation omitted)) (collecting cases). Defendants cite no authority to show a case may be removed based on an incidental claim for relief. *See generally* ECF No. 1; ECF No. 8. Further, Plaintiffs' punitive damages request does not require the Court to address a substantial question under EMTALA. *Cf. Gunn*, 568 U.S. at 258. While repeated EMTALA violations may provide evidence that Defendants knowingly engaged in the "persistent course of conduct" necessary for punitive damages, *Beeman*, 496 N.W.2d at 255, interpretation of EMTALA, its regulations, or violations is not a substantial question that is necessarily raised for the resolution of Plaintiffs' punitive damages demand. Plaintiffs' punitive damages demand does not establish federal question jurisdiction.

Defendants thus have not met their burden in establishing the Court has subject-matter jurisdiction based on a necessarily raised, actual, substantial federal issue that is capable of resolution in federal court without disrupting the federal-state balance. *Cf. Gunn*, 568 U.S. at 258. Because Plaintiffs' corporate negligence and punitive damages claims do not confer federal question jurisdiction, and the remainder of the petition does not confer federal question jurisdiction, the Court grants Plaintiffs' motion to remand.

The Court takes no action on Defendants' pending motion to strike and recast, which will be addressed by the state court.

## V.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs Barbara Liker, Mark Liker, and Nicholas Liker's Motion to Remand, ECF No. 7, is **GRANTED**. This matter is remanded to the Iowa District Court for Polk County. The Clerk of Court is ordered to provide a copy of the record to the Iowa District Court for Polk County.

**IT IS SO ORDERED**.

Dated this 22nd day of June, 2026.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE